HUSKINS v. CINCINNATI, N. O. & T. P. RY. Co.

(*Circuit Court, N. D. Tennessee, E. D.* January 21, 1889.)

1. REMOVAL OF CAUSES—CITIZENSHIP—TIME OF APPLICATION.
    Under the removal act of March 3, 1887, authorizing the defendant to file his application on the ground of diverse citizenship in the state court at any time before he is required to plead or answer the complaint, where, on the last day of the term of the state court, and after the time to answer or plead, the complaint is amended, demanding $10,000, instead of $2,000. a petition for removal to the federal court before the next term of the state court is filed in time.[1]

2. SAME—LOCAL PREJUDICE—APPLICATION.
    Under the clause relating to removal for "local prejudice or influence," the application must be made to the federal court, and may be made at any time before final hearing in the state court.[1]

3. SAME—EXISTENCE OF PREJUDICE.
    The existence of "local prejudice or influence" is not a jurisdictional fact, so as to entitle the adverse party to put it in issue for formal trial, and it is sufficient if it is made to appear to the federal court by petition and affidavit.[2]

On Motion to Remand.

Action by W. G. Huskins against the Cincinnati, New Orleans & Texas Pacific Railway Company for personal injuries.

*Washburn & Templeton*, for plaintiff.

*Lewis Shepherd*, for defendant.

KEY, J. The plaintiff began an action in the state court for personal injuries against the defendant. The cause was removed to this court,

---

[1] Concerning the proper time for filing an application for removal of a cause from a state to a federal court, see Kennedy v. Ehlen, (W. Va.) 8 S. E. Rep. 398, and cases cited; Wedekind v. Southern Pac. Co., 36 Fed. Rep. 279.

[2] As to how prejudice or local influence warranting removal of a cause from a state to a federal court must be made to appear, see Malone v. Railroad Co., 35 Fed. Rep. 625, and note; Southworth v. Reid, 36 Fed. Rep. 451.

and, while the judge was charging the jury upon its trial, plaintiff's counsel were permitted to take a nonsuit. Soon thereafter plaintiff instituted another suit against the defendant in the state court for the same cause of action. In this last suit he laid his damages at $2,000. The cause was returnable to the April term, 1888, at which time, under the laws of the state, the pleadings should be made up and issue joined. The first trial term of the cause was August, 1888. At that term the defendant had permission to file an additional plea. After this was done, and on the last day of the term, plaintiff, by permission of the court, increased his claim for damages to $10,000, and continued the cause to the next term. Before the next term of the court the defendant filed its petition for the removal of the cause to this court, and presented it for action to the state court, at its next session, December, 1888. This petition asked for removal upon two grounds: (1) The diverse citizenship of the parties; (2) upon the existence of local prejudice and influence. The state court ordered the removal upon the first ground, and has made no reference to the second ground. The defendant, upon the first day of the present term of this court, presented its petition, and along with it an affidavit in its support, both averring in positive terms that "from prejudice or local influence defendant will not be able to obtain justice in the state court, or in any other state court to which the defendant might remove the cause under the laws of the state, because of prejudice or local influence." Defendant asks the court to remove the cause from the state court to this court, under the provisions of the fourth clause, section 2, of the act of March 3, 1887. Plaintiff has filed an answer to this petition, denying the truth of its allegations and averments as to local prejudice, and has accompanied this answer with a considerable number of affidavits of intelligent and respectable persons strongly sustaining this answer. Plaintiff moves to remand the suit to the state court,—*First*, because the application for removal upon the ground of diverse citizenship came too late; and, *second*, because it is shown that the local prejudice or influence on account of which a removal is asked does not exist.

There is no question but that the application for removal came after the term of the court at which by the state law and rule of the court the defendant was required to answer or plead to the declaration or complaint of the plaintiff. Up to the close of the term at which the cause could first have been tried, the defendant had no right or power to remove the cause for diverse citizenship, because the plaintiff did not claim more than $2,000. The question is, can a plaintiff prevent, under the law, the jurisdiction of the circuit court of the United States by commencing his suit, claiming $2,000 or less, joining issue at the return term with his adversary, and at the trial term, or some later period, amend his writ by increasing his claim to a sum within the jurisdiction of the federal court? The plaintiff is a citizen of this state; the defendant, of Ohio. The language of the act of 1887 is clear in regard to the time when the removal must be made for this character of citizenship. "He may make and file a petition in such suit in such state court at the time or any time before the defendant is required by the laws of the state or the rule of the state

court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." There is no room for construction here. All is clear and unambiguous. But what was the suit in this case? The damages—the money plaintiff seeks to recover—is the *gravamen*, the heart, the soul of his suit. The suit he began was a suit for $2,000, and such a suit it remained until the closing hour of the first term at which it could have been tried when the plaintiff went into court and converted his suit for $2,000 into a suit for $10,000. The $2,000 suit disappeared. It merged into and was swallowed up by a suit for $10,000. The life of the new suit began at the moment the first suit expired. Plaintiff's complaint was no longer for $2,000, but it became a complaint for five times that sum. Under the laws of Tennessee process issued upon a suit instituted must be executed at least five days before the time for the meeting of the court, so as to be issuable at that term. If such process be executed at a later day it is not issuable until the next succeeding term. The suit for $10,000 did not begin until the last day of the August term, 1888, of the court, and the suit, according to the letter and spirit of the act of 1887, would not be returnable at the shortest before the next term of the court, and defendant's petition was filed before that time. In general phrase, and in most respects, the amendment increasing the damages did not create a new suit, but so far as the jurisdiction of this court is concerned it was new, and a liberal interpretation will be allowed to prevent the flagrant and intentional defeat of its jurisdiction. "If the defendant have a right to the removal, he cannot be deprived of it by the allowance by the state court of an amendment reducing the sum claimed after the right of removal is complete." Speer, Rem. Causes, 81. *Kanouse* v. *Martin*, 15 How. 198. This being true, is not the converse of the proposition true; that is, that a person not entitled to a removal who becomes entitled to it, so far as the jurisdictional amount is concerned, by reason of an amendment allowed by the state court after the time had elapsed within which his removal of the suit might have been made, shall not be deprived of his right to remove the suit? The reasons why the removal of the cause should not be defeated in one case apply with equal cogency to the other. Had the defendant filed its petition and bond for removal the moment after the amendment was made increasing the damages claimed, his attitude in the case would have been in nowise changed from that which it occupies.

But suppose the position taken in regard to the removal ordered by the state court be wrong, how stands the case with regard to the application made to this court for removal on account of local prejudice or influence? In *Lookout Mountain Co.* v. *Houston*, 32 Fed. Rep. 711, in which there was an application for removal because of local prejudice or influence, it was held that an application in such case must be filed at the return-term of the cause, or before. If that be correct, the application in this suit would be in time, if the positions assumed upon the first ground of removal be tenable. The weight of opinion, however, so far as cases have been adjudged, is that such removal may be made at any time before the final hearing of the case. Judge DEADY, an excellent

authority, so holds in *Fisk* v. *Henarie*, 32 Fed. Rep. 417. And so does that eminent jurist, Judge JACKSON, of this circuit, in *Whelan* v. *Railroad Co.*, 35 Fed. Rep. 849–866. A very able, clear, and well-considered opinion has been rendered by him in this case; and the case decided by Judge JACKSON is identical with the case in hand in most of the points of contention raised for determination. The opinion of the circuit judge will be accepted as the law of this case, not only because of the authority of the decision as a judicial exposition, but also for the sake of the harmony and agreement that should prevail, if practicable, in the administration of the law by different judges presiding over the same court.

In passing, it may be observed that the words "local prejudice or influence" are used. They are connected disjunctively. If there be local prejudice, the cause may be removed, or if no local prejudice exists, and there be local influence so powerful and operative as to prevent the defendant from obtaining justice, he may remove. If there be prejudice against the defendant, or if the influence and power of the plaintiff or any other local influence dominate the public mind at the place where the suit is instituted, so that he cannot have justice, the cause may be removed.

The fourth clause of section 2, act of March 3, 1887, is wide-reaching in its changes of the law previously existing. It enlarges its scope in almost every direction but one. It does not allow a plaintiff to remove his suit. It embraces all controversies between citizens of different states without regard to amount. It permits or authorizes removal, though some of the defendants may be residents, or citizens rather, of the state in which the plaintiff resides. Any defendant, being a non-resident, may remove the suit. "It extends to all controversies, without regard to amount; to all suits, whether they can be estimated in dollars and cents." Speer, Rem. Causes, 62; *Fales* v. *Railroad*, 32 Fed. Rep. 673; *Whelan* v. *Railroad Co.*, *supra*. The act under consideration provides for the removal of the cause by this court, instead of by the state court. It must be made to appear to this court that the cause is removable, and it removes it. How it shall be made to appear that it is removable is, to some extent, an unsettled question. In *Short* v. *Railway*, 33 Fed. Rep. 114, Judge BREWER held that a petition and affidavit such as have been filed by the defendant in this case are not such steps as will authorize a removal; that it must appear to the court in some method that may enable it to determine the fact as to whether there is prejudice. If this be a correct decision of the law, this case should not be removed. The decision of Judge JACKSON in the *Whelan Case*, *supra*, however, makes a different determination, and his conclusions have been reached after a wide range of examination, and after deliberate and careful consideration, and it has already been announced that this opinion will be followed in this case. Judge JACKSON says:

"In conferring upon the circuit court of the United States the authority to act upon the application for removal of suits from state courts, congress certainly never intended to make the question as to the existence or non-existence of prejudice or local influence, which would prevent a non-resident citi-

zen defendant from obtaining justice in the local courts, a jurisdictional fact, such as would entitle the side opposing the removal to dispute its truth and put the matter in issue for formal trial." 35 Fed. Rep. 862.

In the same connection it is held that a petition and affidavit such as have been made in this case made it appear that the cause should be removed. This decision on this point concurs with that of Judge DEADY in *Fisk* v. *Henarie*, 32 Fed. Rep. 417–421, and is sustained in Speer, Rem. Causes, 63. Judge SPEER in his work on Removals under the act of March 3, 1887, page 62, says:

"It is quite possible that in this far reaching statute congress intended to correct the mischief pointed out in *Kurtz* v. *Moffitt*, 115 U. S. 498, 6 Sup. Ct. Rep. 148. There it was held that before the suit could be removed it must have the money value fixed by the statute. Now, if local prejudice is a ground of removal from the local court in any controversy between citizens of different states, there is no reason why it should not have the same effect in all controversies. Undeniably there is often much local excitement and prejudice on the trial of proceedings for divorce, *habeas corpus*, or other suits where the matter in dispute cannot be estimated and ascertained in money. The federal courts are not courts where non-residents have an undue advantage, and it is no injustice to residents to require them to litigate therein their controversies with citizens of other states."

If this suit has not already been removed to this court by the order made by the state court, it should be removed under the application to this court. The order for removal is made, and plaintiff's motion to remand is overruled.