## STATE OF TEXAS *v.* DAY LAND & CATTLE Co.

*(Circuit Court, W. D. Texas, Austin Division.* March 5, 1892.)

1. REMOVAL OF CAUSES—CRIMINAL PROCEEDING—REMAND—AMENDMENTS.
   An action brought by the state of Texas to recover the penalty prescribed by Act Tex. Feb. 7, 1884, for unlawfully appropriating public lands, having been removed to the federal court, was remanded on the ground that the proceeding was of a criminal nature, and not removable. Afterwards the complaint was amended so as to ask additional damages under that law, and a second count was added, setting up, in the alternative, a civil cause of action for the reasonable value of use and occupation, the removal of inclosures, etc., under Act Tex. April 1, 1887. *Held,* that the original cause of action remained distinct from the case made by the second count, and was not so combined with it as to permit the removal of the whole case. *Huskins* v. *Railway Co.,* 37 Fed. Rep. 504, and *Evans* v. *Dillingham,* 43 Fed. Rep. 177, distinguished.

2. SAME—SEPARABLE CONTROVERSIES—CITIZENSHIP.
   The clause of the removal act relating to separable controversies is applicable only to controversies between citizens of different states, and is not available to the defendant when the opposite party is a state.

3. SAME—FEDERAL QUESTION.
   The clause of the removal act authorizing the removal of civil suits, arising under the constitution or laws of the United States, relates only to the entire action, and does not permit the removal of a part thereof when the rest is not removable.

At Law. Action by the state of Texas against the Day Land & Cattle Company. Heard on motion to remand to the state court. Granted. For former report, see 41 Fed. Rep. 228.

*C. A. Culberson,* Atty. Gen., for the State.

*Fisher & Townes* and *West & McGown,* for defendant.

Before MAXEY, District Judge.

MAXEY, District Judge. This suit was originally instituted by the state against the defendant in the district court of Travis county, Tex., on the 22d day of September, 1888. On the 4th day of October, 1888, a petition and bond for removal of the cause were filed in the state court, and the record seasonably entered in this court. A motion to remand was made by plaintiff, and, the same being granted, the suit was remanded to the state court for trial. In that court, and subsequent to the remanding order, the plaintiff filed two amended petitions, the first June 24, 1891, and the second October 12, 1891. On the same day, October 12, 1891, the defendant filed a second petition and bond for removal, and the record was duly entered here January 30, 1892; and the plaintiff now moves to remand the cause again to the state court. The cause of action relied upon by the plaintiff in its original petition is fully stated by Judge PARDEE in an opinion rendered by him when the case was formerly before the court. *State* v. *Cattle Co.,* 41 Fed. Rep. 228. In the original petition it is alleged, in effect, that plaintiff was the owner of 203,000 acres of land in Greer county, which defendant appropriated to its own use without lawful authority, for the purpose of herding and grazing 20,000 head of cattle and 1,000 horses. It is further averred that—

v.49F.no.8—38

"By reason of the aforesaid unlawful inclosure of the said land by the defendant, and by reason of the aforesaid unlawful loose herding and detaining said cattle and horses upon said land for grazing purposes, by said fence and by line riding, as aforesaid, the defendant is liable and bound to pay to the plaintiff the sum of one hundred dollars for each of said three years past on each six hundred and forty acres of land embraced in said two hundred and three thousand acres so inclosed and grazed upon as aforesaid, which makes in the aggregate 318 tracts of land, upon which one hundred dollars per year is due, or the full sum of thirty-one thousand eight hundred dollars per year; and for the said three years, from September 1, 1885, down to September 1, 1888, there is due from defendant to plaintiff the full sum of ninety-five thousand four hundred dollars, with interest thereon according to law."

The allegations of the original petition and first amendment are substantially the same. They embody one and the same cause of action, and their only material difference consists in the fact that the amendment prays for the recovery of an increased amount of damages arising out of the lapse of time intervening between September 8, 1888, and the filing of the amendment. As a matter of convenience, the second amended petition may be regarded as containing two separate counts. The first count is simply a repetition of the allegations contained in the first amendment, and in no particular varies the cause of action as embodied in the original petition. Upon the second count, the petition for removal is predicated. The first paragraph of this count is as follows:

"If the court should hold that the state of Texas, plaintiff, is not entitled to recover on the above allegations, and that plaintiff is not entitled to recover the one hundred dollars penalty provided for by the act of the legislature, approved February 7, 1884, then the plaintiff, the state of Texas, acting by and through her attorney general, C. A. Culberson, by the direction of James S. Hogg, governor of Texas, as provided for by the act of the legislature of the state of Texas, approved April 1, 1887, pleads and prays as follows in the alternative."

The count proceeds to set out the unlawful acts of defendant in appropriating the land in the original and first amended petitions described, and substantially as in the latter alleged. Then follows the prayer, in these words:

"Wherefore, by reason of the premises, the plaintiff prays for the possession of said lands and for the removal of said fences and inclosures, and for judgment for damages for the use and occupation of said land at the rate of twenty thousand and three hundred ($20,300) dollars per annum, and in the aggregate amounting to one hundred and twenty-one thousand and eight hundred ($121,800) dollars to the present time, from September 1, 1885, and for all costs, and for damages and legal interest to the time of this trial; and that the said fences and inclosures and the said cattle and horses on said land owned by defendant be subjected to the payment of damages, and judgment recovered herein, and to the payment of all costs, and for any relief, both special and general, to which the plaintiff may be entitled."

The distinguishing features between the two counts are: (1) The first count is based upon the act of 1884, and seeks to recover in the aggregate one hundred and ninety thousand and eight hundred ($190,800) dol-

lars as damages, or a penalty of one hundred dollars per annum for each section of land appropriated by the defendant. (2) The second count is predicated upon the act of 1887, and prays in the alternative for the recovery of a less sum, as the reasonable value of the use and occupation of the land, for the removal of the inclosures, with the additional prayer that the inclosures, cattle, and horses on the land, owned by the defendant, be subjected to the payment of the judgment and costs.

Defendant sought to remove the suit as originally instituted, on the ground, employing the language of Judge PARDEE—

"That the cause was one arising under the laws and treaties of the United States, because the lands upon which the alleged trespass was committed were lands that did not belong to the state of Texas, but did belong to the United States, and were not within the limits and under the control of the state of Texas, but were in Greer county, a part of the Indian Territory, and that on said lands the defendant was a tenant at will of the United States."

It was held by the court, on the former motion, that "the action is clearly one to enforce a criminal law of the state," and therefore not removable. If the grounds relied upon to remove the suit, as it now stands, are the same as those urged in the first petition, it is evident that the cause must go back to the state court. In *Railroad Co.* v. *McLean* it is said by the supreme court that—

"When the circuit court first remanded the cause, the order to that effect not being superseded, the state court was reinvested with jurisdiction, which could not be defeated by another removal upon the same grounds and by the same party. A different construction of the statute, as may be readily seen, might work injurious delays in the preparation and trial of causes." 108 U. S. 217, 2 Sup. Ct. Rep. 498.

But the defendant insists that the grounds of the present petition are essentially different, in that the plaintiff, in its second amendment, sets up a new cause of action, based upon the act of the legislature of 1887, which converts the suit into one of a civil nature, and thus relieves it of the objection successfully urged against the right of removal on the former motion. As already stated, the first count of the second amended petition embraces the same cause of action as declared on in the original petition. That issue is as distinctly before the court now as it was then, not withdrawn nor abandoned by the plaintiff, but strenuously urged.

In the present petition for removal, the allegation is made that the suit arises under the laws and treaties of the United States, following in that respect the allegations of the defendant's first petition. Then follows the claim that the suit should be removed, because the second count of the second amendment filed by the plaintiff sets up a new cause of action, under the act of 1887, which is in its nature a civil suit. In support of its contention, the defendant refers to *Huskins* v. *Railway Co.*, 37 Fed Rep. 504, and *Evans* v. *Dillingham*, 43 Fed. Rep. 177. Is the rule announced in those cases applicable to this suit?

*Huskins* v. *Railway Co.* was a suit in which the plaintiff originally claimed $2,000 damages, and afterwards increased the amount to $10,000. Speaking of the cause of action, Judge KEY says:

"But what was the suit in this case? The damages—the money plaintiff seeks to recover—is the *gravamen,* the heart, the soul of his suit. The suit he began was a suit for $2,000, and such a suit it remained until the closing hour of the first term at which it could have been tried, when the plaintiff went into court, and converted his suit for $2,000 into a suit for $10,000. The $2,000 suit disappeared. It was merged into and swallowed up by a suit for $10,000. The life of the new suit began at the moment the first suit expired. Plaintiff's complaint was no longer for $2,000, but it became a complaint for five times that sum."

In *Evans* v. *Dillingham* it is said by Judge McCORMICK:

"There is no question, in my mind, that, when an amended petition makes a substantially different suit from the original petition, the limitation as to the time within which the petition for removal can be presented should relate to the new pleading of the plaintiff."

These two cases, it is thought, only go to the extent of holding that if the original petition fails to state a cause of action removable under the statute, and the plaintiff subsequently files an amendment embracing a cause of action properly removable, in which the original suit is merged and "swallowed up," the time for removal will be computed from the date of filing the new pleading.

But in this suit the original cause of action is not merged in the case stated in the second count of the second amended petition. To state the proposition most favorably for the defendant, the second count simply sets out an additional cause of action, leaving the original suit to abide a decision on its own merits. The former may be removable. The latter is not, for the reason that it is a suit of a penal or criminal nature. The question then presents itself, is it permissible, upon the motion and at the election of the defendant, to separate the suit into parts, and compel the plaintiff to litigate in both courts, federal and state, at one and the same time? If not, can the controversy or cause of action contained in the second count of the second amendment have the effect of removing the entire suit, and thus drawing with it to this court a cause of action embraced in the first count, which is clearly not removable?

The rule, entitling a defendant to remove a suit on account of the separability of a controversy from the rest of the cause, is thus stated by the supreme court:

"The rule is now well established that this clause in the section refers only to suits when there exists ' a separate and distinct cause of action, on which a separate and distinct suit might have been brought, and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different states from those on the other. To say the least, the case must be one capable of separation into parts, so that, in one of the parts, a controversy will be presented with citizens of one or more states on one side, and citizens of other states on the other, which can be fully determined without the presence of the other parties to the suit as it has been begun.' " *Ayres* v. *Wiswall,* 112 U. S. 192, 193, 5 Sup. Ct. Rep. 90; *Fraser* v. *Jennison,* 106 U. S. 191, 1 Sup. Ct. Rep. 171.

In *Ayres* v. *Wiswall* the court was construing that clause of the act of 1875 which finds its counterpart in the act of August 13, 1888, and the

rule announced applies equally to both laws. To authorize a removal in such cases, the suit must be between citizens of different states, not a state and a citizen. In the nature of things, a state cannot be a citizen of any state. *Sone* v. *State,* 117 U. S. 433, 6 Sup. Ct. Rep. 799. Under the clause of the statute referred to, it is evident that neither the whole of plaintiff's suit, nor a separate controversy embraced therein, can be removed. The same may be said of the local prejudice clause, which empowers the court, under circumstances named, to remand the suit as to certain defendants, and retain it as to others. But that clause only embraces suits between citizens, and, for other apparent reasons, it has no application to this suit.

No other clause of the act can remotely apply to this proceeding, except the first clause of the second section, which provides:

"That any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States, or treaties made, * * * may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district." 25 St. at Large, p. 434.

This clause authorizes any suit of a civil nature, arising under the laws of the United States or treaties made, to be removed. A part of a suit, a count in a petition, is not embraced by its terms, although it may be of a civil nature. Nor can the entire suit be removed because the first count, the original suit, embraces a cause of action of a criminal nature. The statute is not sufficiently comprehensive to entitle a party to remove a suit like the present one, and courts are without power to enlarge it by construction. The state had the right, under rules prescribed by the supreme court of this state, to "state the cause or causes of action in several different counts, each within itself presenting a combination of facts, specifically amounting to a single cause of action," (Rules District Court, No. 4;) and, having elected to rely upon two counts instead of one, it has the further right to prosecute its suit to final determination in its own way. See *Pirie* v. *Tvedt,* 115 U. S. 43, 5 Sup. Ct. Rep. 1034; *Railroad Co.* v. *Ide,* 114 U. S. 52, 5 Sup. Ct. Rep. 735; *Little* v. *Giles,* 118 U. S. 596, 7 Sup. Ct. Rep. 32. For the reasons assigned, the court is of opinion that the cause is not removable under the act of congress, and it becomes unnecessary to discuss other interesting questions raised by the motion of plaintiff. The suit should be remanded to the state court, and it is accordingly so ordered.