MATTOON et al. v. REYNOLDS.

(Circuit Court, D. Connecticut. June 26, 1894.)

REMOVAL OF CAUSES—TIME OF APPLICATION—AMENDMENT STATING NEW CAUSE
OF ACTION.

A suit between citizens of different states may be removed in due season after an amendment stating a new and different cause of action, in which the original suit is merged, although the time within which it might originally have been removed has expired.

This was a suit by C. B. Mattoon and others against H. P. Reynolds, brought in a court of the state of Connecticut, and removed therefrom by defendant. Plaintiffs moved to remand.

Wooster, Williams & Gagen and Webster & O'Neille, for plaintiffs. Doolittle & Bennett, for defendant.

TOWNSEND, District Judge. This controversy is between citizens of different states. The original complaint, in the state court, alleged that certain notes were given without consideration, and asked for an injunction restraining the defendant from negotiating said notes. After the time had expired within which the cause might originally have been removed, the plaintiffs filed a new count, alleging fraud, and asking for equitable relief, or for a judgment for $3,000 damages. In due season thereafter, the defendant removed the cause to this court.

The single question presented is whether, by the filing of the substituted complaint, the defendant acquired a right of removal. The determination of this question depends upon whether the amended complaint states a new and different cause of action, and one in which the original suit is merged. Yarde v. Railroad Co., 57 Fed. 913; Huskins v. Railroad Co., 37 Fed. 504; Evans v. Dillingham, 43 Fed. 177; State of Texas v. Day Land & Cattle Co., 49 Fed. 593, 596. It is clear that in this case the second count presents a distinct cause of action,—fraud, calling for a distinct remedy at law; money, damages. The allegations contained in the first count and the relief therein prayed for are incorporated in the second count.

The motion to remand is denied.