RUSSELL et al. v. HARRIMAN LAND CO.

(Circuit Court, E. D. New York. March 29, 1906.)

REMOVAL OF CAUSES—TIME FOR FILING PETITION—STIPULATION EXTENDING TIME TO PLEAD.

A written stipulation by the parties to a suit in the Supreme Court of New York, signed the day after it was brought, providing that no steps should be taken in the cause by either party before a stated time pending a provisional agreement for settlement, that no advantage should be taken of the time that might elapse by reason of the agreement, and in case it should not become effective defendant should have twenty days thereafter in which to make proper defense, estopped plaintiffs from objecting that a petition for removal filed within such 20 days was not in time, stipulations being recognized by Gen. Prac. Rule 24 of the state court as a proper and effective method of extending the time to plead.

On Motion to Remand to State Court.

John E. Ruston, for plaintiffs.
Lindsay, Kremer, Kalish & Palmer, for defendant.

THOMAS, District Judge. On the 27th day of October, 1905, the parties hereto, and another, entered into an agreement whereby were fixed the terms of settlement of differences involved in the above action and in other actions. Such agreement contained the following provision:

"This agreement of settlement is to be binding and effective from this date unless disapproved by a majority of the directors of The Harriman Land Company, and shall be consummated between the parties as soon as approved

by a majority of such directors. Until so approved or disapproved, the parties hereto agree to take no further steps in the litigations above named, and to take no advantage of the time that may elapse by reason of this agreement in the event that the same does not become finally effective. This agreement, unless completed and carried into effect on or before January 1, 1906, shall be treated as of no effect to bind any party hereto after said date, and the defendant in the suit brought by said Russell & Winslow in New York state shall have 20 days thereafter in which to make proper defense."

This action was begun on the 26th day of October, 1905, and pursuant to such agreement the defendant had until on or about the 20th day of January, 1906, to make its defense herein. The conditional agreement between the parties having been defeated by the nonfulfillment of the condition, the defendant on the 11th day of January, 1906, removed the action from the Supreme Court in the county of Kings, state of New York, to the Circuit Court for the Eastern District of New York. The plaintiffs now move to remand upon the ground that such removal was not taken pursuant to section 3 of the removal act (Act Cong. March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 510]), which permits removal "at the time or at any time before the defendant is required by the laws of the state or the rules of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff."

Rule 11 of the general rules of practice of the Supreme Court of the state of New York is as follows:

"Agreements between parties or attorneys to be in writing. No private agreement or consent between the parties or their attorneys, in respect to the proceedings in a cause, shall be binding, unless the same shall have been reduced to the form of an order by consent, and entered, or unless the evidence thereof shall be in writing, subscribed by the party against whom the same shall be alleged, or by his attorney or counsel."

Rule 24 of the Supreme Court provides:

"When the time to serve any pleading has been extended by stipulation or order for twenty days, no further time shall be granted by order, except upon two days' notice to the adverse party of the application for such order."

In Mayer v. Ft. Worth & D. C. R. R. (C. C.) 93 Fed. 601, Judge Lacombe denied a motion to remand the cause, and said:

"It is contended that the cause was removed too late, because, although there had been a stipulation between counsel that time to answer might be extended to a date subsequent to that on which petition for removal was filed, no order of court to that effect had ever been obtained. Such contention is in accordance with the decision of this court in Schipper v. Cordage Co. (C. C.) 72 Fed. 803, and in subsequent cases. As the rules of the state court then stood, it was thought that a mere stipulation to extend [without order] could not be construed as requiring answer to be served on the day named, 'by the rule of the state court.' which is the phrase used in the federal statute. Attention is now called to the revised phraseology of rule 24 [general rules of practice of the state], adopted January 1, 1896, which reads as follows:

'Rule 24. * * * When the time to serve any pleading has been extended by stipulation or order for twenty days, no further time shall be granted by order except upon two days' notice to the adverse party of the application for such order.'

This rule coupled with the stipulation, may fairly be held to make an extension 'by rule of the state court,' and the removal should be held to be in time. The defendant Dodge, who, it is alleged, is a citizen of New York, does not seem to be a necessary party. Motion to remand denied."

A valuable addition has also been made by the decision of Judge Ray, in Groton Bridge & Mfg. Co. v. American Bridge Co. (C. C.) 137 Fed. 284, wherein he holds that:

"The written stipulation extending the time of defendant to plead to a certain date, estopped the plaintiff from saying, in the proceedings to remove the cause that the time in which the defendant was required to answer or plead to the complaint had expired before the arrival of the day named in such stipulation."

Rule 11 of the Supreme Court of the state of New York provides:

"No private agreement or consent between the parties or their attorneys, in respect to the proceedings in a cause, shall be binding, unless the same shall have been reduced to the form of an order by consent, and entered, or unless the evidence thereof shall be in writing, subscribed by the party against whom the same shall be alleged, or by his attorney or counsel."

It is not necessary that the stipulator should be the attorney (McBratney v. R. W. & O. R. R. Co., 87 N. Y. 470); but that point is not raised in this case, as the plaintiffs do not seek to diminish the true intendment and legal effect of the stipulation. They themselves were lawyers, and their attorney was associated with them in business.

It will be observed that by the terms of the agreement the parties stipulated "to take no further steps in the litigations above named, and to take no advantage of the time that may elapse by reason of this agreement in the event that the same does not become finally effective."

It would have been a gross breach of faith had the defendant attempted, before the termination of such agreement, to remove the action to this court. The action was stayed as firmly as if an injunction of the court therefor had been issued and become operative. If during such time by the terms and spirit of the stipulation the defendant could not take any steps whatsoever, even to remove the cause to the federal court, how can it be urged by the plaintiffs that they may take "advantage of the time" that elapsed when they agreed "to take no advantage." The time that elapsed while the action was in abeyance should not be counted as a part of the time within which the defendant was required to plead. The plaintiffs herein agreed that they would take "no advantage of the time that may elapse by reason of this agreement in the event that the same does not become finally effective." It seems clear that they do in fact take advantage of such lapse of time, when they insist that by reason thereof the defendant has lost its right to remove the action to this court.

The motion to remand is denied.