## HINMAN v. BARRETT.

(District Court, N. D. New York. August 21, 1917.)

1. REMOVAL OF CAUSES ⬙86(4)—PETITION—ALLEGATION THAT PARTIES ARE CITIZENS OF DIFFERENT STATES.

A petition for removal of a cause for diversity of citizenship which fails to allege that the parties are citizens of different states, but merely alleges that plaintiff is a resident of one state and defendant a resident of another state, in which the action is brought, is defective.

2. PLEADING ⬙85(4)—TIME—ORDER—STIPULATION.

A defendant is not required by law to plead until the time fixed by order, if the time be extended by order of court, or until the time fixed by stipulation, if the other party sees fit to stipulate in writing that he need not answer or plead until a fixed day.

3. REMOVAL OF CAUSES ⬙84—NOTICE OF INTENTION TO FILE PETITION.

A notice of intention to file a petition and bond for removal of a cause is sufficient though it does not specify the time and place when it is to be presented.

4. REMOVAL OF CAUSES ⬙94—PETITION—NOTICE TO AMEND.

Where defendant's petition to remove an action on the ground of diversity of citizenship by the attorney's error used the word "resident" instead of stating that the parties were "citizens" of different states, and the succeeding terms of the federal court are such that granting defendant's motion to amend will not cause delay, his motion will be granted.

At Law. Action by William F. Hinman against Thomas F. Barrett. On motion by defendant to amend removal petition so as to allege the diverse citizenship of the parties to the action. Motion granted.

Reuben S. Calkins, of Albany, N. Y., for plaintiff.
Stires & Dawley, of New York City, for defendant.

RAY, District Judge. After service of the summons and complaint on the defendant April 10, 1917, he appeared generally by his attorneys and obtained, by stipulation, an extension of time in which to serve his answer until May 21, 1917. Just prior to the expiration of this time, and in the afternoon of May 21st, defendant, by his attor-

neys, presented to Justice Hasbrouck of the Supreme Court, in which court the action was brought and was then pending, a petition of removal with the necessary bond on removal. The defendant served notice before filing such petition that he would present and file such a petition and bond for removal and apply for the approval of such bond, but did not state when or where he would apply or to what judge. The notice reads as follows:

"Supreme Court of the State of New York.

County of Albany.

William F. Hinman, Plaintiff, against Thomas F. Barrett, Defendant.

"Please to take notice that on the 21st day of May, 1917, and immediately after the service hereof upon you, we shall file in the office of the clerk of the county of Albany, state of New York, being the clerk of the Supreme Court in and for said county of Albany, the petition, a copy of which is hereto annexed, for the removal of the above-entitled cause to the District Court of the United States for the Northern District of New York, and that we shall also then and there file the bond, a copy of which is hereto annexed, and at the same time apply for the approval of the said bond, and for such other or further relief as may be just. Yours, etc., Stires & Dawley, Attorneys for Defendant-Petitioner, 45 Cedar Street, New York, N. Y.

"To Reubin S. Calkins, Esq., Attorney for Plaintiff, 12 Pine Street, Albany, New York."

Judge Hasbrouck, at 3 p. m. May 21, 1917, on presentation of such petition, notice, and bond, copies of which had been served on plaintiff's attorney at 1:30 p. m. of that day, approved the bond, and at 3:30 p. m. of that day the defendant filed such petition, notice, and bond in the office of the clerk of the county of Albany, N. Y., in which county the venue of the action was laid. The clerk stamped same as filed at 3:30 p. m. May 21, 1917. The clerk was then and there requested to certify such record of the case to the clerk of this United States District Court for the Northern District of New York, which he did as soon as necessary copies for certification could be made, and same duly certified were forwarded May 25th, and received and filed by the clerk of the United States District Court May 27, 1917.

It would seem that Mr. Calkins, the plaintiff's attorney, ignored such papers so served on him for May 25th, the same day the record on removal was forwarded to the clerk of the United States District Court, he served on defendant's attorney a copy of a judgment in this action taken as on default entered in Albany county clerk's office May 24, for $10,398.49, with a notice of entry of same. Thereupon defendant moved to vacate and set aside such judgment on the ground the cause had been removed to the United States District Court, and that the state court had lost jurisdiction, and this motion is pending awaiting the determination of this application. No motion to remand the cause has been made so far as this court is advised.

[1] The petition for removal is defective in that it fails to allege that the parties are citizens of different states. It does allege that the plaintiff is a resident of the state of Pennsylvania, and that defendant is a resident of the state of New York, Northern District, in which state the action was brought, but says nothing as to citizenship, except in the prayer it says:

"Wherefore your petitioner prays that this cause be removed into the District Court of the United States for the Northern District of New York on the ground of diversity of citizenship between the plaintiff and the defendant herein," etc.

The petition contains the necessary averment as to amount in controversy between the parties. These statements as to the residence of the parties with the statement in the prayer of the petition plainly indicate the ground on which removal was sought, viz. diversity of citizenship, but are not the equivalent of the necessary allegations of diversity of citizenship. Residence is one thing, but citizenship is another. A person may reside for months or even years in a state without being a citizen thereof.

[2] The plaintiff claims that there was no removal of the cause because of this defect in the petition, and for the reason the removal should have been made within 20 days of the service of the summons and complaint, as under the New York Code of Civil Procedure a defendant, in case of personal service, as here, is required to plead within that time. But a defendant is not required by law to plead until the time fixed by order, if the time be extended by order of court, or until the time fixed by stipulation, if the other party sees fit to stipulate in writing that he need not answer or plead until a fixed day. The New York courts and rules recognize stipulation of this character, and in the absence of fraud or mistake hold the parties to them bound thereby. This court has so decided. Groton B. & M. Co. v. Am. B. Co. (C. C.) 137 Fed. 284. And see Russell v. Harriman Land Co. (C. C.) 145 Fed. 745, and the numerous cases cited, page 966, 1 U. S. Compiled Statutes Annotated. There are a few cases to the contrary which seem to be based on the proposition that parties by stipulation cannot extend the time within which removal is to be made. On the papers presented to Judge Hasbrouck, he approved the bond on removal. He did not notice the defect and recognized the stipulation. The statute does not seem to require a regular notice of motion for approval of the bond and for an order of removal specifying a time and place at which the other party can be heard. If the papers are not sufficient to effect removal, there may be a motion to remand the cause. Section 29 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1095 [Comp. St. 1916, § 1011]) reads as follows:

"Whenever any party entitled to remove any suit mentioned in the last preceding section, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the District Court of the United States, he may make and file a petition, duly verified, in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the District Court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety. for his or their entering in such District Court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said District Court if said District Court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein. It shall then be the duty of the state court to accept said petition and

bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same. The said copy being entered within said thirty days as aforesaid in said District Court of the United States, the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court."

[3] And a notice of intention to file a petition and bond for removal of a cause is sufficient though it does not specify the time and place when it is to be presented. Potter v. General Baking Co. (D. C.) 213 Fed. 697. And see, also, Cropsey v. Sun Printing & Pub. Ass'n (D. C.) 215 Fed. 132; Chase v. Erhardt (D. C.) 198 Fed. 305; Hansford v. Stone-Ordean-Wells Co. (D. C.) 201 Fed. 185.

[4] I do not doubt the power of this court to allow the amendment proposed. The question is, under all the circumstances: Ought it to be allowed? The plaintiff claims the removal is sought for delay. But there is to be a term of this court at Auburn the first Tuesday in October and another the first Tuesday in December at Utica, and delay in the trial is unnecessary. So far as appears, the removal is sought in good faith, and in fact it is a removable cause. The error in using the word "resident" instead of "citizen" ought not to prejudice the defendant. It was an error of the attorney and passed the judge unnoticed. The proposed amendment of the petition corrects this, and states the facts showing the necessary diversity of citizenship. I think justice demands that the amendment be allowed. It is urged that when the bond approved by Judge Hasbrouck and the defective petition were filed the defect was so grave that no removal was effected, and that the state court has always retained jurisdiction and had jurisdiction, notwithstanding the presentation to Judge Hasbrouck and the approval of the bond and the filing of the papers, to render judgment in the cause, that the judgment is valid, and that an amendment to the removal petition will not effect a removal as of the date of the filing of the said bond and petition. That question is not before me. The defendant merely asks to amend the defective petition. The effect of the amendment can be passed on when the question arises. Judge Howard will pass on that question in deciding the motion to vacate the judgment entered in the state court after the petition and bond of removal were filed.

The application to amend comes before any motion to remand.

Motion granted.