**BON et al. v. MIDWEST REFINING CO.**

District Court, D. Wyoming.   January 23, 1929.

No. 1865.

John T. Bottom, of Denver, Colo., and R. S. Mentzer and W. L. Walls, both of Cheyenne, Wyo., for plaintiffs.

A. C. Campbell, John W. Lacey, and Herbert V. Lacey, all of Cheyenne, Wyo., A. K. Barnes, of Denver, Colo., and Wilfred O'Leary, of Cheyenne, Wyo., for defendant.

KENNEDY, District Judge. ▮▮ The above-entitled cause is before the court upon motion to remand. The grounds of the motion are, in substance, that the petition for removal was not filed in time, and that there was no authority on the part of the court commissioner of the state court to issue the order of removal. Upon the argument the latter ground was virtually abandoned, as well it might have been, for the reason that a removal is accomplished by filing a proper proceeding in the state court with jurisdictional facts alleged, even should the state court judge fail to sign the order.

Upon the first ground, counsel for defendant raised the point that, the petition to remand not having controverted the allegations of the petition for removal, the later petition should be taken as true. While this is undoubtedly the rule where questions of fact relating to the jurisdiction of the court and the right of removal are alleged, as, for example, in cases where there is an allegation of a fraudulent joinder of parties for the purpose of defeating the federal court of jurisdiction in the case, yet in the case at bar I believe that the question is one of law raised by and to be determined upon the record in the case, and that therefore the ground first laid in the motion to remand is sufficient to present the question for determination by this court.

Briefly, the facts are that in 1926 the plaintiffs instituted a suit in the state court against the defendant by the filing of a petition, to which the defendant interposed a general demurrer upon the ground that the petition did not state facts sufficient to constitute a cause of action. A hearing was had in the state court upon said demurrer, which resulted in the demurrer being sustained; but the court permitting the plaintiff within 20 days to file an amended petition and giving the defendant 20 days thereafter in which to plead to the same. The action of the state court was taken after the time when by the statutes of Wyoming the defendant was required to answer or plead to plaintiffs' petition. Within the 20 days allowed by the order of the court, the plaintiff filed an amended petition, and after such filing, and within the 20 days thereafter, as fixed by the order of the court, the defendant filed in the state court its motion to remove the case to this court, which petition was accompanied by an appropriate bond and notice. In addition to the statutory grounds of removal setting forth

the requisite diversity of citizenship and amount in controversy, the defendant alleged that in its amended petition the plaintiff had set up a new and distinct cause of action from the cause of action set forth in its original petition, and around this point revolves the success or failure of the plaintiffs' motion to remand.

The first question for consideration would therefore appear to be as to whether or not the record before the court upon its face shows that the amended petition was such a new cause of action as contended by counsel for defendant; and, if so, second, whether or not under such circumstances the right of removal by the defendant existed after the filing of such amended petition, such petition for removal being filed within the time fixed by the state court for the defendant to plead.

It would serve no useful purpose here to review at length the original and amended petitions, but suffice it to say that an examination of both leads the court to the conclusion that the first cause of action was one sounding in equity, in which equitable rights were asserted, and relief sought upon the theory that through the performance of certain acts by the defendant, and by others of which the defendant had knowledge, the defendant became a trustee ex maleficio of certain property secured by lease from the state of Wyoming, for which the defendant should be required to account for profits and turn the same over to the plaintiffs. As before stated, the general demurrer to this cause of action was sustained by the state court. There are in the original petition, however, certain allegations which by conclusion would seem to set up an action for legal damages, but upon examination of these allegations I am convinced that they could in no sense, standing alone, nor with other allegations of the petition set forth as the basis for equitable relief, sustain any legal action for damages.

In the amended petition the pleader has set up solely and purely a legal action seeking to recover damages alleged to have been sustained by the plaintiff. It is needless to say that, if the court's analysis of these two petitions is correct, it then appears that the first petition was strictly an equitable action, and the amended petition one at law, for which damages are sought to be recovered; the first authorizing a trial to the court, and the second a trial with the intervention of a jury. In this connection it is well to bear in mind that, while the state statutes seek to largely merge law and equity, the federal courts have jealously preserved the distinc-

tion, together with the diverging methods of procedure.

In the case of Union Pacific Railway Co. v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983, the Supreme Court held that, where a suit for the recovery of damages on account of negligence was based upon the common law, and was subsequently amended so as to become based upon a particular statute, there was a departure in the pleadings. The gist of the decision may be found stated in the language of the court at page 295 of 158 U. S. (15 S. Ct. 881), as follows:

"A suit based upon a cause of action alleged to result from the general law of master and servant was not a suit to enforce an exceptional right given by the law of Kansas."

Many cases are reviewed in this opinion, which was pronounced by Mr. Justice White, a fair example of which may be found on page 292 of 158 U. S. (15 S. Ct. 880), where the court cites with approval the following:

"A party filed a bill in equity against a corporation without alleging its dissolution, etc.; and that he was without remedy at law; after he amended, so as to insert all the necessary allegations to give equity jurisdiction, held that this also was a new cause of action. Dudley v. Price's Adm'r, 10 B. Mon. [Ky.] 84."

While it is contended by counsel for plaintiff that all of the transactions upon which plaintiff relies for relief are the same in the original and amended petitions, it would seem from this decision of the Supreme Court that such a situation does not control the controversy as to whether or not there is a departure and a new cause of action stated and relied upon.

The second question, as above suggested, is, then, as to whether or not the statute of the United States, providing for removal as to the time when a petition must be filed, should be applied to a time when it is required of the defendant to plead to an amended petition, which sets up a new cause of action, or whether it should be held that the time for removal is that fixed by the state statute, when the defendant is required to answer or plead to the original petition.

The matter of allowing amendments by a state court under liberal statutory provisions can of course not be accepted in the federal courts as decisive of the point as to whether a new or different cause of action might be or has been set up. Very frequently courts have permitted amendments which virtually substituted new causes of action simply for the purpose of saving expense in

starting over to litigants, thereby permitting the cause to proceed the same as though a new cause of action had been instituted and process issued thereon. But in these instances it is usually done when no substantial rights of the defendants are involved or have intervened.

The question now before the court is not easy of solution, for, from the authority cited by counsel and this court's own research, it is not found that the point has been directly passed upon by the Supreme or other appellate courts. There is some diversity of opinion among the lower courts upon the question.

The statute governing the method of removal is found in 28 USCA § 72 (old Judicial Code, § 29), and reads as follows:

"Whenever any party entitled to remove any suit mentioned in section 71 of this title, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the District Court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such District Court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said District Court if said District Court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein."

In the construction of this statute it has been said by the Supreme Court, in Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, on page 98, 18 S. Ct. 264, 266 (42 L. Ed. 673), that the matter of filing a petition for removal is not essential to the jurisdiction, but is modal and formal; the language being as follows:

"The existence of diverse citizenship, or other equivalent condition of jurisdiction, is fundamental; the want of it will be taken notice of by the court of its own motion, and cannot be waived by either party. Mansfield, etc., Railway v. Swan, 111 U. S. 379 [4 S. Ct. 510, 28 L. Ed. 462]. But the time of filing a petition for removal is not essential to

the jurisdiction; the provision on that subject is, in the words of Mr. Justice Bradley, 'but modal and formal,' and a failure to comply with it may be the subject of waiver or estoppel."

But that there may be such a rule as contended for by counsel for defendant seems to be borne out by the notes of decisions following the discussion of section 72 of title 28 USCA, as under paragraph 92 of decisions we read as follows:

"Where an amended declaration or complaint makes a substantially different suit from the original petition, the limitation as to the time within which the petition for removal can be presented should relate to the new pleading of the plaintiff."

And further:

"But when an amended declaration does not make a new cause of action, the time for making application for removal is not extended."

"Where, on appeal from an order denying a petition for removal, it appears that such petition was not made until after an amended complaint had been filed after answer, and the original complaint is not in the record, it will be presumed that there was no such difference between the complaints as would authorize a removal at such time. Pennsylvania Co. v. Leeman (1903) 160 Ind. 16, 66 N. E. 48.

"The original complaint should be made part of the record so that the court can see whether or not a new cause of action was created by the amendment."

In Evans v. Dillingham, 43 F. 177, on page 180, a United States Circuit Court case, the court says:

"There is no question in my mind that, where an amended petition makes a substantially different suit from the original petition, the limitation as to the time within which the petition for removal can be presented should relate to the new pleading of the plaintiff."

By the decision in Painter v. New River Mineral Co. (C. C.) 98 F. 544, on page 548, the right here invoked by defendant is inferentially sustained, in that the court says:

"The petition for removal of the original action not having been filed within the time prescribed within the statute, and the amended declaration not making a new cause of action, the case must be remanded to the state court."

In Mattoon et al. v. Reynolds, 62 F. 417, the United States Circuit Court of Connecticut expresses itself in the following language:

"The single question presented is whether,

by the filing of the substituted complaint, the defendant acquired a right of removal. The determination of this question depends upon whether the amended complaint states a new and different cause of action, and one in which the original suit is merged. Yarde v. Railroad Co. [C. C.] 57 F. 913; Huskins v. Railroad Co. [C. C.] 37 F. 504 [3 L. R. A. 545]; Evans v. Dillingham [C. C.] 43 F. 177; State of Texas v. Day Land & Cattle Co. [C. C.] 49 F. 593, 596. It is clear that in this case the second count presents a distinct cause of action—fraud, calling for a distinct remedy at law; money, damages."

Many cases hold that, where an original cause of action is afterwards changed in the state court, and such change gives removability to the cause, a petition for removal may be filed within a reasonable time after such situation is developed, and even although the case has been once removed to the federal court and remanded, a subsequent petition for removal may be filed. Fritzlen v. Boatmen's Bank, 212 U. S. 364, 29 S. Ct. 366, 53 L. Ed. 551. Likewise a written stipulation, extending the time to answer or plead beyond the statutory time entered into by the parties, extends the time to file the removal petition. Russell v. Harriman Land Co. (C. C.) 145 F. 745.

A number of cases cited by counsel for plaintiff are based upon the removal statute of 1875, instead of the one which is now in force, passed in 1887 and corrected in 1888, and these early cases have more to do with the determination under the old statute, as to whether or not a hearing upon a demurrer was a trial of an issue which was then important, than they do in furnishing authority upon the point which is here presented. In Union Pacific Railway Co. v. Wyler, supra, the ultimate point decided was that the statute of limitations might be invoked against the amended complaint which stated a new cause of action, and adverse to the contention of the plaintiff that the statute of limitations should be considered as applying to the original complaint. If an amended complaint stating a new cause of action should be taken as the basis for the right to invoke a statute of limitations, it seems to me logical that it should likewise be taken as the basis to determine the authority of a defendant to exercise his right of removal under the statutory provision. The former operates as an absolute bar, while the latter merely affects the matter of tribunals for trial of the case. The court feels none too secure in the position that has been taken, but is really in

a condition of doubt. When such a situation is presented, I take it that, under the rule laid down in the Eighth Circuit, the doubt must be resolved against the motion to remand. In Drainage District No. 19, Caldwell County, v. Chicago, M. & St. P. R. Co. (D. C.) 198 F. 253, at page 264, Judge Van Valkenburgh, sitting as a District Judge announces the rule which had theretofore been promulgated by our appellate Circuit Court in the following language:

"Under such conditions, counsel for the drainage district state the rule to be: 'That when the jurisdiction of the federal court in a removal case is doubtful, the cause should be remanded.' This principle was originally announced because of former provisions of the law under which an order sustaining a motion to remand was a final adjudication which could be immediately reviewed by the Supreme Court. This is no longer true, and the present rule is the reverse of that stated by counsel. Boatmen's Bank v. Fritzlen, 135 F. 650–654, 68 C. C. A. 288."

For the reasons stated, the motion to remand will be overruled and denied, reserving to plaintiffs their proper exceptions, and the defendant will be given 30 days in which to answer or plead to the amended petition.