FAYETTE TITLE & TRUST CO. v. MARYLAND, P. & W. V. TELEPHONE & TELEGRAPH CO.

(Circuit Court, W. D. Pennsylvania. August 5, 1910.)

No. 34.

1. REMOVAL OF CAUSES (§ 97*)—PROCEEDINGS IN STATE COURT—APPOINTMENT OF RECEIVER.

An appointment of a receiver by a state court will be vacated by the federal Circuit Court as without jurisdiction where proper proceedings had been taken to remove the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 206–211; Dec. Dig. § 97.*]

2. REMOVAL OF CAUSES (§ 86*)—PETITION—SIGNATURE—SUFFICIENCY.

A petition by a company to remove a cause signed by an agent on whom the bill was served is sufficiently signed.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. § 86.*]

3. REMOVAL OF CAUSES (§ 88*)—BOND—SIGNATURE—SUFFICIENCY.

A bond by a company to remove a cause signed by an agent of the company on whom the bill was served is sufficient, though his authority does not appear.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 184–188; Dec. Dig. § 88.*]

4. PRINCIPAL AND SURETY (§ 66*)—NATURE OF LIABILITY.

Ordinarily the liability of a principal and his surety are identical, and recovery against one depends on the right to recover against the other.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 108–112; Dec. Dig. § 66.*]

5. REMOVAL OF CAUSES (§ 88*)—BOND—SUFFICIENCY.

A bond to remove a cause is sufficient where there is a good and sufficient surety for payment of costs.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 184–188; Dec. Dig. § 88.*]

Suit by the Fayette Title & Trust Company, trustee, against the Maryland, Pennsylvania & West Virginia Telephone & Telegraph Company. On petition by defendant to restrain plaintiff from acting as receiver. Petition granted.

Evans, Noble & Evans, for complainant.
Robinson, McKean & Martin, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ORR, District Judge. This matter comes before the court upon a petition by the defendant to restrain the plaintiff from performing the duties of receiver of defendant's assets under an order of the court of common pleas of Fayette county, in this district. In that court the complainant filed a bill for the foreclosure of a mortgage given and executed by the defendant to secure the payment of certain corporate bonds. Upon the day following the filing of the bill the defendant presented to the state court a petition and bond for the removal of the litigation thus begun to this court. Objections were made by the complainant to the form of the petition and to the bond. At the time of presenting the petition for the removal and the bond, the complainant made a motion for the appointment of a receiver. Proceedings were so had that the state court subsequently refused approval of the petition and the bond, and on the same day appointed the complainant as receiver of the assets of the defendant, the same being embraced in the said mortgage. The defendant forthwith procured a certified copy of the proceedings in the state court and filed the same in this court, and presented its petition to this court for an order restraining the said receiver from acting under the said appointment.

The first question to be determined is whether the proceedings have been properly removed into this court, notwithstanding the refusal of the state court to approve the petition and bond filed. If the proceedings have been properly removed to this court, then it must follow that the appointment of the receiver by the state court, following as it did, although upon the same day, the steps taken by the defendant for the removal of the proceedings must be vacated. The learned judge of the state court filed no opinion in support of his action in refusing the order for the removal and the approval of the bond. His reasons must therefore be found in the arguments of plaintiff's counsel in resisting the application made to this court for the restraining order. The petition for the removal was signed in the name of the defendant by "T. J. Burke, Agent," and the petition was verified by Mr. Burke. In all respects the petition was in proper form. The authority of Burke to sign the petition for removal should not be questioned by the complainant for the reason that the bill was served by the sheriff upon Mr. Burke as the duly authorized agent of the defendant company. The sheriff's return shows that the residence within Fayette county of any of the executive officers cannot be ascertained. In Removal Cases, 100 U. S. 457, 471, 25 L. Ed. 593, it appears that the petition for removal was not signed, yet on its face it purported to be the petition of the proper persons. In Shaft v. Phœnix Mutual Insurance Co., 67 N. Y. 544, 23 Am. Rep. 138, in Wormser v. Dahlman, Fed. Cas. No. 18,048, and in many other cases, a petition signed by the attorney at law was deemed sufficient. There seems therefore to be no vital defect in the petition for removal. And so too with respect to the bond. The acts of Congress do not specify the exact form of bond or phraseology to be used. The bond in this case was a joint and several obligation. It purported on the face of it to be the bond of the defendant company as principal and the Bank-

er's Surety Company as surety. It was signed on behalf of the principal just as the petition was signed. No question is raised with respect to the execution of the bond by the surety, nor is any question raised as to the sufficiency of the surety. It was argued by counsel for plaintiff that, because the authority of Burke did not appear, therefore the principal might not be bound and the surety would escape liability. But, while ordinarily the liability of the principal and surety are identical, and where there cannot be a recovery against the one there may not be a recovery against the other, yet in a case such as this we are of the opinion that the surety would be estopped from denying the execution of the bond by the principal. There was good and sufficient surety for the payment of the costs, and that is all that is required. See Removal Cases, supra. I am further of the opinion that no order of the state court was necessary to effect the removal of the case to this court. The formalities described by the act of 1875 (Act March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508]) relating to removal of causes are not conditions precedent to the jurisdiction of the federal courts. Dillon, on Removal of Causes, § 134. See opinion of Judge Brawley in Mutual Life Insurance Co. v. Langley (C. C.) 145 Fed. 419, and cases there cited. An important case on this point is found in Madisonville Traction Company v. St. Bernard Mining Company, 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462.

The case then being properly removed to this court, the subsequent appointment of a receiver by the state court was without jurisdiction, and this court may restrain the plaintiff from exercising the authority contemplated by the order making the appointment. Madisonville Traction Co. v. St. Bernard Mining Co., supra. It must not be supposed that this court believes that the appointment of the receiver would have been improper had the petition and bond not been filed previously. The defendant by the neglect of the conditions in the mortgage as to the payment and adjustment of taxes for a long period of years gave full warrant to the bondholders to request the trustee in the mortgage to declare the full amount of the debt to be due, and that in conjunction with the fact admitted by the defendant that the check for the last installment due on the bonds had gone to protest, although subsequently paid. I am of the opinion that this matter is not now before the court, but, as before stated, this court having found that the case was properly removed, all subsequent proceedings in the state courts leading to the appointment of a receiver were without jurisdiction. It follows that the defendant is entitled to an order restraining the plaintiff from exercising any control over the property and assets of the defendant by virtue of the appointment by the state court and from further prosecuting the suit brought by it in said state court. Let an order be drawn in conformity with this opinion.