STATE IMPROVEMENT-DEVELOPMENT CO. v. LEININGER, Register of U. S. Land Office, et al.

(District Court, N. D. California, Second Division. May 18, 1914.)

1. REMOVAL OF CAUSES &79—TIME—STATUTE.
    Under Judicial Code (Act March 3, 1911, c. 231) § 29, 36 Stat. 1095 (Comp. St. 1913, § 1011), providing that defendant in a state court may ask removal at the time, or any time before, he is required by the laws of the state or the rule of the state court in which suit is brought to answer or plead to the declaration, where, upon stipulation in the state court, it was ordered that the "time for hearing application for injunction is extended to and including August 10, 1912, at 10 o'clock a. m., the defendants to have the same rights as if the last-named date was the return day," the defendants proceeding to remove the suit, on the ground that it involved a federal question, taken on August 10, 1912, was taken in time, since, the relief asked against the defendant being an injunction, the effect of the order was to give him up to and including the date indicated in the order in which to make return to the order to show cause and to plead.
    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 135, 136, 139–160; Dec. Dig. &79.]

2. REMOVAL OF CAUSES &19—"FEDERAL QUESTION"—STATUTE.
    An action by a land company, brought in the superior court of California, wherein the register of the United States land office in the state and the surveyor general and register of the state land office were joined as defendants, the relief asked against the first-named official being an injunction permanently restraining him from recording in obedience to instructions from his superior officers cancellation of certain lieu land selections previously made by the state from public lands of the United States under Rev. St. §§ 2275, 2276, as amended by Act Feb.

---

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

28, 1891, c. 384, 26 Stat. 796 (Comp. St. 1913, §§ 4860, 4861), and that against the second officer being that he be decreed to have issued to plaintiff patents from the state of California for the lands involved, in accordance with a purchase thereof from the state, involved a "federal question arising under the laws of the United States," within Judicial Code, § 28 (Comp. St. 1913, § 1010), providing that such a question is removable from a state court to the United States District Court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 37–46, 48, 52, 53; Dec. Dig. ⏾19.

For other definitions, see Words and Phrases, First and Second Series, Federal Question.]

3. REMOVAL OF CAUSES ⏾54—SEPARABLE DEFENDANTS.

Where a land company sued in a state court to enjoin the register of the United States land office in the state from entering upon the records, in obedience to his superiors' instructions, cancellation of lieu land selections made by the state from public lands of the United States, and for a decree against the surveyor general and register of the state land office, who was joined as a defendant, that he have issued to plaintiff patents from the state for the lands in controversy in accordance with the purchase from the state, the cause of action against the register of the United States land office was separable from that against the state officer, entitling the former alone to remove the cause to the District Court, on the ground that a federal question was involved, since any cause of action stated against the surveyor general had no relation to the relief sought against the federal officer.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 106; Dec. Dig. ⏾54.]

4. REMOVAL OF CAUSES ⏾88—BOND—IMMATERIAL DEFECT.

Where the condition of defendant's bond on the removal of an action from a state court to a United States District Court was in the old form, providing that if defendant enter a copy of the record in the District Court "on or before the first day of the next regular session," etc., instead of the form now required, "within thirty days from the date of the filing of said petition," etc., such bond was not void; the defect being technical, curable upon objection, and immaterial after, no objection having been made and the record being before the court, the bond had performed its office.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 184–188; Dec. Dig. ⏾88.]

5. REMOVAL OF CAUSES ⏾17—WAIVER OF RIGHT—DEMURRING IN STATE COURT.

Where defendant, coincidentally with his petition for removal, filed a demurrer to the complaint in the state court, he did not subject himself to the jurisdiction of such court, nor waive his right to removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 10; Dec. Dig. ⏾17.]

6. REMOVAL OF CAUSES ⏾89—REFUSAL OF PETITION—EFFECT.

Where the state court denied an order of removal, such action did not result in its retaining jurisdiction of the cause to pass upon defendants' demurrer to the complaint, filed coincidentally with his petition for removal, where a cause is proper for removal under the law, the refusal by the state court of a formal order granting the petition for removal does not prevent the removal as effectually as if the order had been granted.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 162, 165, 189, 192–195, 197, 200, 201; Dec. Dig. ⏾89.]

In Equity. Action by the State Improvement-Development Company against C. W. Leininger, Register of the United States Land

Office, and another. The cause was removed to the federal court by defendants on writ of certiorari, and plaintiff moves to remand. Motion denied.

Robert H. Widney, for plaintiff.

B. L. McKinley, of San Francisco, Cal., T. H. Selvage, of Eureka, Cal., and J. W. Preston, U. S. Atty., of San Francisco, Cal., for defendants.

VAN FLEET, District Judge. This is an action brought in the superior court of the state, wherein the defendant Leininger, in his official capacity as register of the United States land office at Redding, Cal., and the defendant Kingsbury, in his official capacity as surveyor general and register of the state land office of the state of California, are joined as defendants; the relief asked against the first-named officer being an injunction permanently restraining him from entering upon the official records of his office, in obedience to instructions from his superior officers in the Land Department of the United States, cancellations of certain lieu land selections theretofore made by the state of California from public lands of the United States under the supposed sanction of sections 2275 and 2276 of the Revised Statutes [as amended by Act Feb. 28, 1891, c. 384, 26 Stat. 796 (Comp. St. 1913, §§ 4860, 4861)], while that prayed against the last-named officer is that he be decreed to have issued to plaintiff patents from the state of California for the lands involved in the controversy in accordance with an alleged purchase thereof from the state.

The defendant Leininger filed in the state court a petition and bond for removal of the cause to this court, the grounds stated in the petition being that the action seeks to restrain him from the performance of an official duty under the laws of the United States, and necessarily involves a construction of the statutes and laws of the United States relative to the disposition of the public lands and the duties of the officers of the Land Department thereunder, the authority of such department to take the steps sought to be restrained being challenged by the bill, and, further, that the controversy as to this defendant is wholly separable from that involved against his codefendant; and based upon his petition a motion was submitted to the state court that the cause be removed here. The application being resisted, a hearing was had thereon, whereupon the state court entered an order that the petition be denied, "for the reason that the same was not filed in the time provided by law and act of Congress, and on the further ground that no federal question is involved." Thereupon, upon application of the defendant Leininger, a writ of certiorari was issued by this court, directing the superior court to certify here the records and proceedings in the cause, which was accordingly done. The plaintiff has now moved to remand upon various grounds which will be noticed.

[1] 1. The objection that the proceeding to remove was not taken in time is not well grounded. The time of the defendants to appear was duly extended by the state court; it having, upon stipulation of the parties, made an order that "the time for hearing application for

injunction is extended to and including August 10, 1912, at 10 o'clock a. m., the defendants to have the same rights as if the last-named date was the return day." The relief asked against the defendant Leininger being an injunction, the effect of this order was to give him to and including the date indicated in the order in which to make return to the order to show cause and to plead. On that date he presented and filed his petition and bond for removal, and this was in time. Under the Judicial Code (section 29) he was entitled to ask removal "at the time, or any time before," he was "required by the laws of the state or the rule of the state court in which such suit was brought to answer or plead to the declaration," etc. It being within the power of the state court, under the statutes of the state and its rules, to grant the extension given, which is not questioned, a petition filed within the time thus given is within the statute. Chiatovich v. Hanchett (C. C.) 78 Fed. 193, and cases there cited.

[2] 2. There is no merit in the objection that the suit is not one involving a federal question, as arising under the "laws of the United States," within the purview of section 28 of the Judicial Code, and so not subject to removal as such. The complaint alleges, in substance, that certain sixteenth and thirty-sixth sections, falling within the school grant, having been included in forest reservations made by the President, the state of California thereafter proceeded under sections 2275 and 2276 of the Revised Statutes, and made selections in lieu thereof and duly filed them in the United States land office at Redding, and that these lieu selections thereupon became "appropriated and granted to the state in exchange for said sixteenth and thirty-sixth sections"; that thereafter, "without authority of law," upon request of the Secretary of the Interior, the President issued his proclamation "withdrawing for power purposes certain public lands, and including in said proclamation the said land selected by the state of California; that the title to said lands at the date of said proclamation, in fee simple, was vested in the state of California as hereinbefore alleged"; that thereafter the Commissioner of the General Land Office, "acting without authority of law," made an order that the selections so made by the state be held for cancellation; and it is alleged "that, unless restrained by the judgment and order of this court, said defendant, as register of the said United States land office, * * * will enter on the records of his said office purported cancellations of said selections, and will cloud the title of these plaintiffs to said lands, to their great and irreparable damage."

These are the substantive allegations of the complaint affecting the defendant Leininger, and it will at once be perceived, from the plaintiff's own statement of the cause of action, that the controversy involves not only the regularity and authority of the acts of the Land Department and its officers, but necessarily the construction of the laws of the United States under which they assumed to act. As to the jurisdiction of such a cause in this court, and the right of removal thereto, as involving a federal question, there can be no doubt. 1 Rose's Fed. Pro. § 133, p. 338; Mitchell v. Smale, 140 U. S. 406, 11 Sup. Ct. 819, 840, 35 L. Ed. 442; McCune v. Essig, 199 U. S. 382, 26 Sup. Ct. 78, 50 L. Ed. 237.

[3] 3. Nor was it necessary that his codefendant unite with him to entitle Leininger to remove the cause here. It is not a case involving diversity of citizenship as the ground of removal, but the existence of a federal question. But if it were otherwise the cause of action asserted against the removing defendant is, as contended by the United States attorney, clearly separable. The relief sought against Kingsbury is, as above stated, that he be decreed to cause to be issued to plaintiff a patent for the lands involved. It is doubtful if any cause of action is stated against him for such relief, the Governor being the officer charged with the duty of issuing patents (Political Code, § 380), and the surveyor general merely with that of supervising the selection of such lieu or indemnity lands (Political Code, §§ 3398, 3406, 3406a, 3407); but, if it may be said that a cause of action is sufficiently stated against him, it is apparent that it has absolutely no direct or necessary relation to or connection with the relief sought against Leininger, but is clearly the proper subject of a separate suit. The presence of the former is therefore wholly unnecessary to give this court jurisdiction of the cause so far as it affects the removing defendant and to enable it to fully dispose of the controversy as to him.

[4] 4. The formal defect in the condition of the bond providing that defendant enter a copy of the record in this court "on or before the first day of the next regular session," the old form, instead of "within thirty days from the date of the filing of said petition," as now required, did not render the bond void. It was a technical defect merely which could have been cured upon objection. No such objection having been made, and the record now being here, the bond has subserved its purpose and is functionless, and the defect is wholly immaterial.

[5, 6] 5. There are some other grounds urged, but they require no extended notice. The defendant did not subject himself to the jurisdiction of the state court, nor waive his right to removal by filing coincidentally with his petition a demurrer to the complaint. Nor did the action of the state court in denying an order of removal result in retaining its jurisdiction of the cause for the purpose of passing upon such demurrer. The orderly and proper procedure upon presenting a petition and bond for removal is to apply to the state court for a formal order granting the petition; but where this is done, and the order is refused, the cause, if a proper one for removal under the law, stands nevertheless as effectually removed from the jurisdiction of the state court as though such order had been granted; and any further proceedings in the cause in the state court are at the peril of having them held entirely ineffectual and void.

The motion to remand is denied.