### GRAY v. OREGON SHORT LINE R. CO. et al.

District Court, D. Idaho, S. D. January 18, 1930.

No. 1537.

Wm. M. Morgan and E. B. Smith, both of Boise, Idaho, for plaintiff.

Geo. H. Smith, of Salt Lake City, Utah, and H. B. Thompson and L. H. Anderson, both of Pocatello, Idaho, for defendants.

CAVANAH, District Judge. On September 30, 1929, plaintiff instituted this suit in the state district court to recover damages against the defendants on account of their joint negligence in the operation of a train of cars at a crossing in Meridian, Ada county, Idaho, in consequence of which plaintiff charges that he has suffered personal injury. On petition of defendants, the case was re-

moved to this court, and the plaintiff in turn here filed his motion to remand. The ground of the removal, as alleged in the removal petition, is that the defendant Smith is fraudulently joined as a party to the cause for the purpose of defeating the other defendant in its right of removal.

The substance of the motion to remand is that this court has no jurisdiction, for the reason that the action is based upon the joint acts of negligence and omissions of duty of defendants, and that the plaintiff and defendant Smith are both residents of Idaho, and that the suit was properly brought in the state court, which has exclusive jurisdiction of the action. The plaintiff answers defendants' petition for removal, and takes issue with them as to the contention made, but does not offer any evidence or file any affidavits in support of his answer. Defendants presented affidavits in support of their petition of removal, and thereupon the motion to remand was submitted upon the pleadings and the record referred to.

The issue here is to be determined upon the record referred to, which presents one of fact as to whether or not there appears from the allegations of the complaint, and the proofs offered on the motion, joint acts of negligence and liability of the defendants. If not, then this court would have jurisdiction of the case, as the jurisdictional amount and the diversity of citizenship of the defendant company and the plaintiff appears. On the motion plaintiff stands upon the allegations of his complaint, and does not attempt to fortify it by proof, although the grounds set forth in defendants' petition for removal were established by affidavits and stand undisputed so far as the proof on the motion is concerned.

What then are the allegations of the complaint in regard to the charge that the acts of negligence and omission of duty were joint? It is there stated that the crossing where the accident occurred, on January 10, 1929, was and has been for some time a dangerous and hazardous one, due to the heavy railroad and highway traffic, which required the installation and maintenance there of a proper warning signal device for the purpose of warning persons traveling on the highway of impending danger of approaching cars at the crossing, and that the defendant company owed the duty to the traveling public of installing and maintaining such signal at the crossing; that at the time of the accident, and for more than one year prior thereto, the defendants well knew of the dangerous condition of the crossing and need of a proper

warning signal, and, although the defendant company, knowing such to be the fact, and the Public Utilities Commission of the state, in the exercise of its proper functions, having for a long time prior to the accident ordered the defendant company to install and maintain a proper signal at the crossing, it, in violation of the order and its duty, neglected and refused to install the same until after the accident; that on January 10, 1929, at about 12:30 a. m., and for some time prior thereto, the defendant company had placed and maintained certain box cars on the passing track north from the southerly boundary of the crossing near the east boundary of the highway, which obstructed the view of the railroad to the north on the east side of the highway, and obstructed plaintiff's view of approaching trains; that the defendants knew of the dangerous and hazardous condition of the crossing rendered by reason of the freight cars obstructing a clear view of the railroad, and knew that the cars stood on the track, and that the defendants, in the exercise of reasonable and ordinary care and prudence, owed to plaintiff and others traveling on the highway the duty of keeping the crossing clear of all obstructions, including the box cars, and owed the further duty to the traveling public on the highway to operate locomotives at the crossing at a proper and reasonable rate of speed, in view of the lack of any signal and of the box cars standing thereby, which obstructed the view of the railroad of travelers on the highway; that at the time of the accident, the defendants caused a locomotive to be negligently driven across the crossing at a speed in excess of 60 miles an hour, which struck plaintiff and caused the injuries complained of.

The only ground of negligence against the defendant Smith is that there were certain box cars on the passing track, which is immediately south of the main track, and that he well knew that such cars stood there and that the defendants, in the exercise of reasonable and ordinary care and prudence, owed to plaintiff the duty of keeping the crossing clear of obstructions, and that, by reason of the cars standing there, the defendant Smith operated the locomotive at an unreasonable rate of speed over the crossing.

It is apparent that the defendant Smith, the engineer, was not required to keep the box cars off the passing track which plaintiff says caused an obstruction, or to install a signal device at the crossing. He had nothing to do with that. Nor is there any law of the state regulating the speed of trains, and therefore, where no charge is made that he,

as engineer, did not comply with some statutory requirement when in operating the train, or with having knowledge that plaintiff was about to be injured in time to have prevented it, then he could not be charged jointly with the company for those acts. In the affidavit of the defendant Smith it is stated that he did not know that the box cars were standing on the passing track before the accident, and that he sounded the locomotive whistle about three-quarters of a mile east of and before the train arrived at the crossing, and rang the bell continuously covering the same distance, and that the speed of the train was not to exceed 40 miles per hour, and no object existed to obstruct the view of a driver passing over the crossing. Other affidavits of the defendants disclose that there were no box cars on the passing track at the time of the collision, and no obstruction was there to obstruct the view of plaintiff of the approaching train at any time when he was within 90 feet of the crossing. These facts stand undisputed so far as proof offered on the motion is concerned. The consideration of the affidavit show that it was not Smith's duty to keep clear the passing track where plaintiff alleges the box cars were, nor to install a signal device at the crossing. He was only employed as an engineer to operate the locomotive.

The principle denying the right to join an employee in an action of this kind under a state of facts where it was not the employee's duty to do the acts complained of is recognized by the Supreme Court in the case of Wecker v. National Enameling & Stamping Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757, and there is no escape from the conclusion reached in that case, which requires a denial of the motion to remand, as the ground of fraudulent joinder of Smith as defendant has been established. Sanction should not be given to attempts to prevent a removal to a federal court, where one has a right of removal.

Plaintiff further urges that the defendant should not be allowed to amend a defect in the bond on removal, and that the case should be remanded because of that fact. The defect in the bond not being jurisdictional, it may be cured by amendment, even after the time allowed to remove the cause has expired. Hodge v. Chicago & A. Ry. Co. (C. C. A.) 121 F. 48; Chase et al. v. Erhardt (D. C.) 198 F. 305; Miller v. Soule et al. (D. C.) 221 F. 493; Fayette Title & Trust Co. v. Maryland, P. & W. Tel. & Tel. Co. (C. C.) 180 F. 928; State Improvement-Development Co. v. Leininger (D. C.) 226 F. 884; Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673.

The motion is denied.