**C. I. T. CORPORATION v. AMBROSE et al.**

**Civil No. 392.**

District Court, E. D. South Carolina.
Dec. 23, 1940.

312

Samuel Want, James S. Verner, and Sam Rogol, all of Darlington, S. C., for plaintiff.

Cordie Page, of Conway, S. C., for defendant A. J. Ambrose.

Epps & Epps, of Sumter, S. C., for defendant General Finance Co.

WYCHE, District Judge.

This case was removed from the Court of Common Pleas of Horry County on motion of the plaintiff. The matter is before me on defendants' motion to remand the case to the state court.

The suit originated with a complaint in which C. I. T. Corporation sued A. J. Ambrose alone, for an amount less than Three Thousand ($3,000) Dollars, due under an installment automobile contract. The plaintiff is a foreign corporation. The defendant Ambrose is a citizen of South Carolina. In his answer, Ambrose, in addition to denying the indebtedness, set up two counterclaims, and demanded judgment against the plaintiff for Fifty-One Hundred and Fifty ($5,150) Dollars. One of these counterclaims is apparently intended to state a cause of action for fraud and deceit, and the other a cause of action for conversion. Both causes of action relate to the automobile transaction upon which the plaintiff's claim is based. The plaintiff replied to the counterclaims, setting forth facts which, if proved, will show that the plaintiff did not convert the automobile in question, or commit the fraud alleged, but on the other hand the said automobile was taken by a third party, General Finance Company, under a claim of legal right founded upon an unquestioned chattel mortgage which had priority over the plaintiff's claim.

The plaintiff's motion thereafter made, that General Finance Company be brought into the cause as a party defendant, and that the plaintiff be permitted to amend its summons and complaint, and that the defendant Ambrose amend his answer accordingly, was granted by the State Court. Plaintiff thereupon served an amended complaint and while the prayer of the complaint asks for judgment against both Ambrose and General Finance Company, the allegations of the complaint show that no relief is claimed by the plaintiff against General Finance Company, and that no relief is in fact obtainable against it on the pleadings. It appears that it is brought into the case solely for the purpose of compelling it to disclose the true fact that it, and not the plaintiff, took possession and disposed of the automobile in question. In answering the amended complaint the defendant Ambrose, like the plaintiff, asks no relief whatsoever against General Finance Company.

The only questions before this Court are the sufficiency of the bond to sustain the removal, and whether the counterclaims present a separable controversy.

The bond in this case is made to the defendant, A. J. Ambrose. The name of General Finance Company does not appear therein. And counsel for defendants

contend that in this respect the bond is fatally defective.

The pertinent provision of the applicable statute (28 U.S.C.A. § 72) is as follows: The removing party "shall make and file therewith [the petition] a bond, with good and sufficient surety, for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court if said district court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein." It is not questioned that the bond was filed in time; that except in the respect above indicated the form of the bond is proper; that the amount of the bond is sufficient; and that the surety is financially responsible. The statute says nothing, it will be observed, as to how and to whom the bond shall be made payable. It directs merely that a good and sufficient bond shall be given, to assure the payment of all costs that may be awarded if the removal is held to have been improperly made. In other words, the bond is given for removal costs, and not for the costs of the case. Chase v. Erhardt, D.C., 198 F. 305. And if, in the event that the case is held to be improperly removed, the costs of the removal can be collected, it would appear to be clear that the bond is sufficient.

In the present case the removal arises out of the counterclaims of Ambrose against C. I. T. Corporation. General Finance Company is not concerned with such counterclaims. It is not brought into the federal court because of the counterclaims. Its presence in the federal court is a mere incident of the removal of the separate controversy between C. I. T. Corporation and Ambrose. The party aggrieved by the removal therefore is Ambrose alone. And if the removal were held to be improper, Ambrose could collect on the bond and there is no contingency in which any liability for removal costs could then fall on General Finance Company. That would appear to be conclusive of the issue. In 4 Hughes Federal Practice, § 2536, it is stated: "Although the statute does not designate who is to be the obligee, the intent is obvious that the only

party in interest should be named in the bond."

At the hearing of the matter in this Court plaintiff's counsel stated that leave to amend the bond was desired, if the Court considered it defective. The making of such an amendment is within the discretion of the Court. "When the removal petition discloses all of the essential jurisdictional facts, a defective bond may be amended in the federal court, after the time allowed to remove the case has expired, to show the proper district to which the record is removable, or to supply the omission of a seal to the surety's signature; and if the bond does not contain a condition for payment of costs, the defect may be cured by amendment in the state or federal court, or by the substitution of a new bond containing the proper condition, nunc pro tunc." 4 Hughes Federal Practice, § 2667. "The defect in the bond not being jurisdictional, it may be cured by amendment, even after the time allowed to remove the cause has expired. [Citing many cases]." Gray v. Oregon Short Line R. Co. et al., D.C., 37 F.2d 591, at page 593. And in the case of State Improvement-Development Co. v. Leininger, D.C., 226 F. 884, at page 888, the Court said: "The formal defect in the condition of the bond providing that defendant enter a copy of the record in this court 'on or before the first day of the next regular session,' the old form, instead of 'within thirty days from the date of the filing of said petition,' as now required, did not render the bond void. It was a technical defect merely which could have been cured upon objection. No such objection having been made, and the record now being here, the bond has subserved its purpose and is functionless, and the defect is wholly immaterial."

While I am satisfied that the removing bond is legally sufficient, leave is granted plaintiff, if it so desires, to amend the bond by making it payable to both defendants.

The remaining ground of the motion is that the counterclaims do not present a separable controversy in the jurisdictional sense. The counterclaims are causes of action on the part of Ambrose alone (a citizen of South Carolina) against C. I. T. Corporation alone. General Finance Company is a corporation under the laws of the State of South Carolina, but it is not a party to the controversy set

forth in the counterclaims. That counterclaims may furnish a ground of removal to the federal court, although the case stated in the complaint is not within the jurisdiction of the federal court, is the settled rule of this jurisdiction. O'Neill Bros., Inc., v. Crowley et al., D.C., 24 F. Supp. 705; American Fruit Growers, Inc., v. La Roche, D.C., 39 F.2d 243. That the cause of action set forth in the counterclaims is in law and in fact a separable controversy does not appear to admit of serious argument. Davis & Clanton v. C. I. T. Corporation, 190 S.C. 151, 2 S.E.2d 382, 385; Shaw v. Great Atlantic & Pacific Tea Co., 189 S.C. 437, 1 S.E.2d 499; Alexander v. Jones, D.C., 29 F.Supp. 690; Yulee v. Vose, 90 U.S. 539, 25 L.Ed. 355. "A suit which is not removable to federal court when considered as a whole, because not wholly between citizens of different states, may have within it a separable controversy that is wholly between citizens of different states, and the defendants in such separable controversy can exercise the right of removal, in which event the entire suit will be removed." Atlantic National Bank of Boston v. Hupp Motor Car Corp., 300 Mass. 196, 14 N.E.2d 167, 168.

There is pending in this Court a motion to dismiss the third defense by way of counterclaim on the ground that the same does not state a cause of action. In this counterclaim damages in the amount of Twenty-Five Hundred ($2,500) Dollars, are claimed. There is a separate counterclaim in which Twenty-Six Hundred, Fifty ($2,650) Dollars, damages are claimed. No question is raised as to the second counterclaim.

At the hearing on the motion to remand, I suggested that if the motion to dismiss is granted, that would result in the remand of the case, since the damages claimed that would be left would not exceed Three Thousand ($3,000) Dollars. Counsel for the plaintiff stated at the hearing that they would withdraw the motion to dismiss, and that has now been done.

On the merits, the counterclaim to which the motion refers, as amended by the defendant Ambrose, probably states a cause of action. Its effect is to charge that the defendant Ambrose lost the automobile in question as the result of the stated actions and conduct of the plaintiff, which were intended to lull Ambrose into a feeling of security and to create a situation in which the plaintiff could dispose of the car while Ambrose remained inactive. Apparently an action in fraud and deceit is intended to be stated, and if the facts alleged are proved, there seems to be a foundation for the claim.

For the foregoing reasons, the motion to remand should be refused, and counsel may present an appropriate order.