EVANS *et al. v.* DILLINGHAM *et al.*

(*Circuit Court, N. D. Texas.* June 2, 1890.)

1. REMOVAL OF CAUSES—FEDERAL QUESTION—RECEIVERS.
 A suit against a receiver appointed by a federal court, brought in a state court without leave of the federal court, is removable, since it involves a federal question.
2. SAME—APPLICATION—TIME.
 Where an amended petition is filed, which makes a substantially different suit from that stated in the original petition, the time for removing the cause is to be calculated with reference to the amended petition.

In Equity. On motion to remand.

*R. S. Neblett, W. J. McKie,* and *W. S. Simkins,* for complainants.

*L. C. Alexander* and *F. C. Dillard,* for defendants.

McCORMICK, J. On the 13th day of September, 1889, several citizens of Corsicana brought this suit for injunction, a preliminary injunction having been granted by one of the state district judges, to restrain Charles Dillingham, receiver of the Houston & Texas Central Railway, from removing the division head-quarters of said road, and the machine-shops and other plant connected therewith, from Corsicana to Ennis. The suit was brought without obtaining leave of the court which appointed said receiver. The suit in which said Charles Dillingham was appointed receiver was pending on and before the 3d of March, 1887. A defective citation was served on the defendant in time, if the citation had been legal, to compel him to plead at the October, 1889, term of the state district court for Navarro county; that is, on or before the 18th day of October, 1889. On the 14th day of October, 1889, the defendant crossed certain interrogatories to a witness propounded by plaintiffs, and filed certain cross-interrogatories in the state court. At said term of said court, and on the 18th day of October, 1889, the defendant, appearing only for the purpose of moving to quash the citation, filed his motion to quash said citation. This motion, though never acted on, (for reasons hereafter shown,) was manifestly well taken; and it is admitted by plaintiffs' counsel that the citation was defective, and did not require defendant to answer. The defendant also, on the 14th day of November, 1889, filed in the state court a suggestion that the presiding judge of said court was disqualified by pecuniary interest in said suit to hear and try his motion to quash the citation, or any other question in said cause, and on the same day, (November 14th,) filed a written agreement signed by the attorneys of the plaintiffs and the defendant to the effect that the presiding judge was a citizen and resident of Corsicana, and owned real estate and personal property in said town of the value of at least $6,000. On the 16th day of November the court entered a minute to the effect that the judge, believing himself disqualified on the ground of interest, refused to pass on the motion to quash citation. On the 15th day of March, 1890, defendant Charles Dillingham filed his motion in the state court to dissolve the preliminary injunction, and at the same time filed his answer, beginning with this protest:

v.43F.no.3—12

"And now comes Charles Dillingham, receiver, and protests that this court has no jurisdiction to determine this suit, or to enjoin him from the performance of the functions and duties as receiver of the property of the Houston & Texas Central Railway, and the management thereof, under the direction of the United States court for 5th circuit and the eastern district of Texas, from which he received his appointment."

On the 2d day of April, 1890, the original persons plaintiff, joined by three other persons as plaintiffs, filed in the state court what they call their "Second Amended Petition" in lieu of their original petition, filed 13th September, 1889, and their amended petition filed January 13, 1890. Notice of filing said amendment was served on the counsel for defendant on the 3d day of April, 1890. On the 7th day of April, 1890, the first day of the second term of the state court after the institution of the suit, the defendants filed their petition and bond for the removal of the suit to this court on several grounds, only one of which it is necessary to notice, and which is thus stated in the petition for removal, to-wit:

"Petitioners further show that this suit in controversy arose under the constitution and laws of the United States, because they say its correct decision depends upon the construction of the constitution and laws of the United States; and the rights of said defendant Dillingham as receiver may be defeated or sustained by the construction thereof, for petitioners show that plaintiffs have never obtained leave of said United States circuit court to bring this suit, nor has said receiver yielded to the jurisdiction of said state court; and whether said suit can be maintained and said receiver be enjoined by said state courts from the management of said railway property under the orders of said United States court, including its order of March 10, 1890, a certified copy of which is a part of the record, and attached to a special answer of said Dillingham on motion to dissolve an injunction, sued out by a part of these plaintiffs in above numbered and styled cause, depends upon the proper construction of an act of congress, (chapter 866) entitled 'An act to correct the enrollment of act approved March third, eighteen hundred and eighty seven, entitled "An act to amend sections 1, 2, 3, and 10 of an act to determine the jurisdiction of the circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes, approved March third, eighteen hundred and seventy five," approved August 13, 1888,'—for petitioners say that said section 3 of said act, under which it is sought to maintain this suit, is in conflict with paragraph 1 of section 2 of article 3 of the constitution of the United States; that said act and said sections thereof did not authorize the bringing of this suit in said state court, because said circuit court had original jurisdiction thereof, and because, as shown by the said decrees, the suit in which said receiver was appointed was brought and pending before the passage of said act, and because it is not the character of action authorized by said act to be brought in a state court without leave, and because it does not confer the power on a state court to direct or enjoin the actions of a receiver of the United States court, or its process directed to him; and upon these grounds said receiver claims exemption from the jurisdiction of said court, and exemption from the claims to enjoin him as to his actions as the receiver and officer of said United States circuit court."

The application for removal was resisted in the state court, but on the hearing thereof in that court an order for the removal was granted, and the transcript was duly filed in this court. The plaintiffs now move

to remand on the ground—*First*, because the petition and bond for removal were not presented in time; *second*, because the petition for removal does not show a state of facts involving any federal question, or calling for the construction of any act of congress or of the constitution of the United States in the determination of the subject-matter of this suit.

In a case where one Owen Sullivan had after the 3d day of March, 1887, sued John C. Brown, receiver of the Texas & Pacific Railway Company, and recovered judgment in the state court, affirmed on appeal to the state supreme court, (10 S. W. Rep. 288,) and presented his petition of intervention in the suit of *Missouri Pac. Ry. Co.* v. *Texas Pac. Ry. Co.*, (41 Fed. Rep. 311,) in which said John C. Brown had been appointed receiver by the United States circuit court for the eastern district of Louisiana, which suit was pending on and before the 3d day of March, 1887, the court, the circuit judge of this circuit presiding and delivering the opinion, held "that the necessity of obtaining leave to prosecute a suit against a receiver appointed by another court is jurisdictional," citing *Barton* v. *Barbour*, 104 U. S. 126. The circuit judge's opinion proceeds:

"This court has exclusive original jurisdiction over its receiver as to actions based on negligence in the operation of the trust property when the act of 1887 was passed. If the third section of that act went into immediate operation *quoad* this cause, then it seems clear that such act affects the jurisdiction over a suit then pending, and this the repealing clause prohibits. It also seems clear that whatever jurisdiction the district court of Harrison county acquired by said act was so much jurisdiction taken away from this court. It would seem to follow that, as to the receiver of the Texas & Pacific Railway, the act of 1887 did not take effect, and that therefore the district court of Harrison county, Texas, was without jurisdiction to entertain a suit against such receiver." Page 314.

It is urged by defendant's counsel with certainly some apparent force that it is immaterial what is the sound construction of the act of 1887 affecting this case; that the fact that it must be construed in order to determine the plaintiffs' right to sue presents such a federal question as authorizes the removal. Whether this view be sound or not, it seems to me that in the, as yet, unsettled state of judicial opinion as to the correct construction of the provisions of the act of 1887 on this subject, the petition for removal does present a federal question, which the defendant is entitled to have passed on by the United States court, if he has not lost his right to remove by his delay in presenting his application therefor.

Was the application to remove made in time? The statutory rule governing the practice in the state courts requires the defendant who is duly served with legal citation to answer the petition on or before the fifth day of the return-term. Rev. St. Tex. art. 1263. Where the citation is defective, and the defendant moves to quash the citation, the practice requires him to answer on or before the fifth day of the succeeding term. Id. art. 1243. Motions to dissolve injunctions can be heard in vacation only "after answer filed." Id. art. 2891. The defendant had the right to file his petition for removal in the state court "at the time or any time before" he was required by the laws of the state to answer the

petition of the plaintiff. Act Aug. 13, 1888, § 1, (25 U. S. St. 435.) The provision is not, at the time or before he does answer, or at the time or before he crosses interrogatories, or at the time he enters his appearance in the state court. There is no question as to submitting to the jurisdiction of the state court involved in this limitation. It is purely a limitation of time definitely and clearly fixed by the rules of practice prescribed by statute or rules of court in the state tribunals. It seems clear to me that in this case the defendant was not required to answer the petition of the plaintiff before the fifth day of the April term, 1890, of the state court, before which day this application was made.

But the defendant also urges that plaintiffs' original and first amended petition presented no cause of action against the defendant, and that, the second amended petition now constituting the petition of plaintiffs, he certainly could not be required to answer before the first day of the first term of the court after it was pleaded, on which day his application for removal was made. It appears from an inspection of the pleadings that the original and first amended petition do not show any privity of the plaintiffs in the contract on which this suit is based. In a very similar case the supreme court of this state in announcing its decision use this language: "The suit for relief, it seems to us, will have to be prosecuted either in behalf of the city as a corporation, or by such of its citizens as participated in the transactions, and have in them a pecuniary interest." *Railway Co. v. Harris*, 73 Tex. 382, 11 S. W. Rep. 405. There is no question in my mind that, where an amended petition makes a substantially different suit from the original petition, the limitation as to the time within which the petition for removal can be presented should relate to the new pleading of the plaintiff. As an illustration of the propriety and necessity of so holding, take the case where a party sues in the state courts, alleging the cause of controversy to be of less value, or not of greater value, than $2,000, and after the return-term, and after the defendant has answered, the plaintiff files an amended petition, setting up the same cause of action, but claiming damages in a sum exceeding $2,000, can it be doubted that, if the state of the parties or the cause of action be such as to have given the right to remove had the amount in controversy been sufficient to give this court jurisdiction, the defendant would not be denied his right to remove because the time within which he was required to answer the original petition had passed. I am of opinion that the defendant's application for removal was made in time, and the motion to remand will be refused.