MECKE v. VALLEY TOWN MINERAL CO. et al.

(Circuit Court, W. D. North Carolina. September 12, 1898.)

1. REMOVAL OF CAUSES—PROCEDURE.
Where a cause is properly removable, a removal is effected at once on the filing of a sufficient petition and bond, regardless of any action of the state courts, though the applicant follows and unsuccessfully defends an order of removal in such court on appeal.

2. SAME—TIME FOR FILING PETITION.
Where, before the time for a defendant to answer expired, plaintiff obtained leave to file an amended complaint, and the time for answer was by the same order extended, and the amended complaint changed the whole aspect of the case as to a defendant, a petition for removal filed by such defendant before the expiration of the time for answer so extended was in time.

3. SAME—SEPARABLE CONTROVERSY.
Where a complaint seeks to establish an indebtedness against a corporation defendant alleged to be insolvent, and also asks judgment therefor against a second defendant on the alleged ground that it has assumed all the indebtedness of the first corporation, there is a separable controversy between plaintiff and such second defendant.

On Motion to Remand.

J. H. Dillard, for plaintiff.
T. P. Axley and Merrimon & Merrimon, for defendants.

SIMONTON, Circuit Judge. This case comes up on a motion to remand it to the state court. The plaintiff, Herman Mecke, filed a complaint in the superior court of Cherokee county, N. C., in behalf of himself and all others, creditors of the Valley Town Mineral Company, who will come in, etc., against that company, the Roessler & Hasslacker Chemical Company, and R. L. Cooper, Ben Posey, and J. P. Abernathy, trustees. It alleges: A purchase by A. H. Mugford and R. P. Getty, in the year 1895, from J. W. Cooper, G. K. Welch, and others, of certain lands in Cherokee county, N. C., for the sum of $10,000. For this they paid $5,000 in cash, and gave notes for the remainder, secured by deed of trust, in which the defendants Cooper, Posey, and Abernathy were trustees. That these lands were supposed to contain minerals, especially talc, and that, in order to mine the same successfully, Mugford and Getty on 15th October, 1895, organized a corporation, under the laws of the state of New Jersey, known as the Valley Town Mineral Company, a defendant, of which Mugford was made manager; Getty, superintendent; and plaintiff, the president. That on 2d October, 1895, Mugford and Getty executed to plaintiff a paper writing giving him a lien on these lands to secure him his advance of $5,000 towards the purchase money; plaintiff agreeing at the same time to furnish other moneys to pay off the notes for the unpaid purchase money, for $2,500 each, due one and two years after date, one of which has been paid, but by whom is not stated. That subsequently plaintiff assigned all his interest in said paper writing to the Valley Town Mineral Company, it assuming to pay the said several notes for the purchase money. That on 26th September, 1896, Mugford and Getty conveyed all their interest in said lands to the Roessler & Hasslacker Chemical Company, a corporation of the

state of New York, without offices, officers, or agents in the state of North Carolina. This conveyance is charged to have been as a security merely. That plaintiff from time to time advanced to the Valley Town Mineral Company other large sums, aggregating $19,000, which is still due to plaintiff, as also his salary of $1,000, and that the Valley Town Mineral Company is largely indebted to other persons, and is insolvent. That the only property of the Valley Town Mineral Company is the lien for $5,000 held by plaintiff, and assigned to it, and a lease on certain other mineral lands. The complaint then goes on to show the nature and character of talc mining, the inexpediency of stopping the work, the advantages of continuing it, and asks that a receiver be appointed, with authority to operate the mines, and, if need be, to borrow money on receiver's certificates. The prayer for judgment is: (1) That a receiver be appointed, with full power to conduct and operate the mines and dispose of the product, and with further power to borrow money on receiver's certificates, which shall constitute a first lien over all other liens on the property. (2) For judgment for plaintiff,—presumably for $22,322.15, with interest. (3) For leave to receiver to sue. (4) For general relief.

It will be observed that this is a creditors' bill against the Valley Town Mineral Company. It asks for a receiver for this company. It does not pray a sale of the land, but, on the contrary, asks that the operations of the company be continued by the receiver. It prays no judgment against any party but the Valley Town Mineral Company. The summons was issued returnable to the spring term of Cherokee county, at which term the complaint was filed. The summons was served upon the Valley Town Mineral Company, by a copy on its treasurer. Service was accepted by Posey, Cooper, and Abernathy, trustees; and a copy summons was served upon a director of the chemical company, of which some notice will be hereafter taken.

Under the practice in North Carolina, the complaint must be filed during the first three days of the term, and defendants must answer some time during that term. During the term, and therefore before time for answering had expired, plaintiff moved for and obtained leave to file an amendment to his complaint. In that amendment, after reaffirming every allegation of the original complaint, he avers: That the Valley Town Mineral Company, finding itself without sufficient capital to conduct its business, and not being able to get any more advances from plaintiff, sought the aid of the Roessler & Hasslacker Chemical Company. That the result of this was an agreement between the two corporations, to which also Getty and Mugford were parties, by which the chemical company assumed all the obligations of the Valley Town Mineral Company which plaintiff had theretofore assumed, and took from the mining company, from plaintiff, and from Getty and Mugford an assignment of their interest in the mining lands. The chemical company further agreed to advance all moneys needed by the mineral company in its operations; that the chemical company should handle all the products of the mineral company, and share in the profits, thus constituting it a partner in the business. That, upon complaint on part of the plaintiff as to the terms of the contract, an agreement was prepared by the attorney of

the chemical company, who was also a director therein, which agreement was in the name of the Valley Town Mineral Company, and in which it was declared that the indebtedness of that company to plaintiff was $19,813.59, with interest thereon from that time (15th October, 1896) at 6 per cent. per annum.  The plaintiff then renews the prayer for judgment in his original complaint, and demands judgment against the Roessler & Hasslacker Chemical Company for said amount, and for general relief.  When leave to amend was applied for and granted, plaintiff was allowed 30 days within which to file and serve his amendment, and defendants were allowed 60 days within which to answer the same.  Within this period of 60 days the Roessler & Hasslacker Chemical Company filed its petition for removal into this court, with a proper bond.  The term of the court of Cherokee county having expired, the petition was presented at chambers to the judge at Asheville, Buncombe county; and an order was made, entitled as of the superior court of Cherokee county, for the removal of the cause into this court.  An appeal was taken from this order to the supreme court of North Carolina, and it was reversed. 29 S. E. 781.  The record, however, having been transmitted to this court, this motion to remand was made.

The plaintiff is a citizen and resident of the state of North Carolina.  The defendant petitioning is a corporation of the state of New York.  Its co-defendants are the Valley Town Mineral Company, averred in the complaint to be a corporation of the state of New Jersey, and certain other persons, who presumably are citizens of the state of North Carolina.  The plaintiff and the defendant petitioning for removal being citizens of different states, one ground for removal is established.  And if the petition has been filed within the proper time, and the controversy between plaintiff and this particular defendant be separable from that with the other defendants, the right of removal is unquestionable; and it occurred, ipso facto, upon the filing of the petition with the bond (to the latter no exception is taken). And this with or without the order of the state court to that effect. Kern v. Huidekoper, 103 U. S. 485; Winslow v. Collins, 110 N. C. 120, 14 S. E. 512; Monroe v. Williamson, 81 Fed. 927.  This right of removal is not affected by the fact that the defendant goes on and defends himself in the state court.  Insurance Co. v. Dunn, 19 Wall. 214; Removal Cases, 100 U. S. 457.  Each court acts on its own responsibility.  The adverse action of the state court cannot prevent the removal.  See Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799; Railroad Co. v. Koontz, 104 U. S. 5.  So there are two vital questions in this case:  Was the petition for removal filed within the proper time?  Is there a separable controversy between the plaintiff and this defendant?

1. Was the petition for removal filed within the proper time?  Under the acts of congress of 1887 and 1888, the petition must be filed on or before the time has expired within which the defendant must answer the complaint according to the law or the rules of court of the state court.  In the original complaint there is no prayer for judgment whatever against the Roessler & Hasslacker Chemical Company. It is mentioned in the body of the complaint but once.  There it is

stated to be the holder, by way of security, of the interest of Mugford and Getty in certain mineral lands, which interest is subject to a deed of trust for one half the purchase money, and the lien of plaintiff under a paper writing for the other half; at the same time it being averred that this chemical company has no office, officers, or agents within the state of North Carolina upon whom service can be made. Before defendant was compelled to answer, plaintiff obtained leave to amend the complaint. Without doubt, this leave was granted in accordance with the law and practice of the court. The application for it, and the leave granted to it, showed that the plaintiff had not perfected his case; that he had other and material allegations to make, upon which he based his relief. The defendant could not then be called upon to make any defense. This was recognized by the court in its order granting time within which to file an answer after amendment filed. It may be well just here to see how that order was made. It was not a consent order, nor a formal order entered on the minutes,—the act of the parties, not of the court. It is shown in this way by a paper in the record:

State of North Carolina, Cherokee County.

Be it remembered that on this 17th day of May, A. D. 1897, a superior court of law is begun and held for said county in said court house at Murphy; the Hon. George H. Brown, Jr., judge presiding, and George A. Jones, solicitor, prosecuting in behalf of the state. Comes S. W. Davidson, sheriff of Cherokee county, who returns into court that in obedience to a writ of venire facias he has summoned the following good and lawful men to serve as jurors, to wit, A. L. Carrell and 35 others; and the following proceedings were had:

No. 3. Herman Mecke vs. Valley Town Mineral Company et al.

Plaintiff allowed thirty days to file amended complaint. Each defendant allowed sixty days thereafter to file amended or original answer.

That amended complaint changed the whole aspect of the case, as far as this defendant was concerned. In the original complaint it had no concern, except as the holder of a security upon an attenuated equity of redemption in lands for which a receiver was sought. In the amended complaint it was charged as being responsible for a debt of over $20,000 as the responsible, solvent co-partner in an insolvent concern,—made responsible, too, for a debt antecedent to the alleged co-partnership, by an instrument in writing executed by the Valley Town Mineral Company. And this amended complaint was filed, not changing in any respect the averments of the original complaint, but reaffirming and reasserting the same. In the case of Powers v. Railway Co., 169 U. S. 92, 18 Sup. Ct. 264, these facts appeared: The plaintiff began suit in a state court against the defendant railroad company for personal injuries, making as co-defendants the conductor, engineer, and brakeman. Plaintiff was a citizen of Kentucky; the railroad company, a citizen of Virginia. The other defendants were citizens of Kentucky. The railroad company filed a petition and bond for removal, and the record came into the federal court. On motion to remand, the federal court held that there was no separable controversy, and remanded the case. When it got back into the state court the plaintiff amended his complaint by discontinuing

as to all other defendants but the railroad company, whereupon the railroad company filed a second petition for removal, and the cause was removed, and retained in the federal court. "The time for filing the petition" for removal, says the court, "is not essential to the jurisdiction. The provision upon this subject is but modal and formal." This case establishes that the defendant has the right to answer the amended complaint, and, if the time for answering such amended complaint has not expired, a petition for removal will lie. The petition in this case was within proper time.

2. Is there a separable controversy? The amended complaint seeks to hold this defendant responsible for the debts of the Valley Town Mineral Company. There are two questions in the case: Is the Valley Town Mineral Company indebted as charged in the complaint? If this be settled in the affirmative, has this defendant assumed the debts? To the first matter in controversy the Valley Town Mineral Company is necessarily a party defendant. With it this defendant has no concern. To the second matter in controversy the defendant is the only contesting party. Every creditor of the Valley Town Mineral Company and this company itself is interested against the defendant. It must fight this contest single-handed and alone. There is a separable controversy. The motion to remand is refused.