EDWARD C. WHITING vs. EDWARD R. HOUGHTON, executor.

Middlesex.    October 16, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Trustee Process*, Costs of trustee.  *Practice, Civil*, Costs.

The provision of St. 1852, c. 312, § 9, that "If no declaration shall have been inserted in the writ, or filed pursuant to the eighth section, it shall be a discontinuance of the action.  And the defendant or trustee may have judgment for costs," which was re-enacted in substance in Gen. Sts. c. 129, § 9, and in Pub. Sts. c. 167, § 9, was omitted from R. L. c. 173, § 11, and it here was *held* that such omission was intentional, and that where a writ served by trustee process seasonably was returned to court but the plaintiff neglected to enter it and the trustee did not appear, such trustee cannot maintain a complaint for costs against the plaintiff who sued out the writ.

COMPLAINT FOR COSTS, filed in the Superior Court on January 27, 1917, by a person summoned as trustee of Lillian A. Daly by Edward R. Houghton, executor, who sued out a writ dated November 29, 1916, which he wholly neglected to enter.

The case was heard by *Wait*, J., who found that the averments contained in the complaint were true, but ordered that the complaint be dismissed on the ground that the court as matter of law had no power to award costs to one named as trustee in a writ not entered.   The complainant alleged exceptions.

The case was submitted on the complainant's brief.

*H. S. Davis & R. W. Baker*, for the complainant.

No counsel appeared for the executor.

PIERCE, J.   This is a complaint for costs by Edward C. Whiting duly summoned as trustee of Lillian A. Daly, named as defendant in a writ sued out by Edward R. Houghton and returnable on the first Monday of January, 1917.   The writ was duly returned to court but the plaintiff neglected to enter it.   The trustee did not appear and answer.   The present complaint was filed before the next return day, and, after hearing, was dismissed by a judge of the Superior Court.

It is settled by *Duffee* v. *Call*, 123 Mass. 318, and *Dudley* v. *Keith*, 153 Mass. 104, that a person duly summoned as trustee

of the principal defendant in a writ purchased and served between the enactment of St. 1852, c. 312, § 9, and R. L. c. 173, § 11, was by the law then in force entitled to his costs if the writ was not entered at the return day, upon appearing pursuant to the summons served upon him and filing a complaint before the next succeeding return day.

Before St. 1851, c. 233, § 7, and St. 1852, c. 312, § 7, which provided that "In actions of contract and actions of tort, the writ need not contain any declaration, nor any description of the cause of action other than the name of the form of action in which it is intended to declare," the declaration was a part and a necessary part of the writ; and a plea in abatement might conclude "with a prayer of judgment of the writ, although the fault is not in that part which is given in the statute, but in the declaration. *Ilsley* v. *Stubbs*, 5 Mass. 280."

In *Brigham* v. *Este*, 2 Pick. 420, which ordered to abate a writ which contained no count or declaration, Parker, C. J., said: "The writ, when served, must be returned into the court by the officer who makes the service. . . . If a writ containing no count, nor any cause of action, should be so returned, and the defendant should not appear, no judgment can be rendered; for the court in such case are to take the declaration for true, and render judgment according to it; but in such case they have nothing to proceed upon, and the writ must therefore be a nullity."

In *Gilbreth* v. *Brown*, 15 Mass. 178, a writ was served, the action was duly entered, and stood continued for several terms, when the plaintiff discovering that he could not proceed in his action by reason of the sheriff's neglect in not making return of the writ, moved to withdraw the action from the docket, which was allowed. Wilde, J., in delivering the opinion of the court, said that this act of the plaintiff was a discontinuance of the suit according to the intendment of St. 1784, c. 28, § 9, which reads "when any plaintiff shall in any stage of his action become nonsuit, or discontinue his suit, the defendant shall recover his cost against him, and that in all actions as well those of *qui tam* as others, the party prevailing shall be entitled to his legal costs against the other;" and also said, in illustration, "If the plaintiff had failed to enter his action, the defendant, on complaint, would have been entitled to costs."

As regards the right of a trustee in trustee process, before the statute of 1852, *supra,* to a judgment for costs when the creditor shall become nonsuit or discontinue his action, "The court observed" in *Cleveland* v. *Clap,* 5 Mass. 201, 207, "that the costs to be taxed for or against trustees must depend on the construction of the statute of 1794, c. 65, commonly called the trustee act." The part of that statute applicable to the subject matter of discussion is § 4, which reads: ". . . where the Plaintiff doth not support his action against the principal, and judgment shall be rendered that he take nothing by his writ, the Court shall award costs against him, as well in favor of the principal as in favor of such of the persons summoned as trustees severally, who have personally appeared in Court and submitted themselves to an examination upon oath." It appears plainly therefore that to entitle a trustee to judgment for costs the creditor must have failed in his action against the debtor or discontinued his suit against the trustee who has submitted to an examination at the first term. *Cleveland* v. *Clap, supra. Wilcox* v. *Mills,* 4 Mass. 217. *Brown* v. *Seymour,* 1 Pick. 32. *Wilmarth* v. *Richmond,* 11 Cush. 463.

The statute of 1794, *supra,* has not been materially changed since its enactment. Rev. Sts. c. 109, § 51. Gen. Sts. c. 142, § 62. Pub. Sts. c. 183, § 75. R. L. c. 189, § 69.

The decision of *Brown* v. *Seymour,* rests upon the statute of 1784 as applied to non-entries of writs and to writs served without count or declaration, and upon the statute of 1794, *supra,* and is not authority for the position that costs were adjudged to the trustee as a common law right.

In this state of the law defining and limiting the right of a trustee to a judgment for costs against a plaintiff who has failed in his action against the defendant, St. 1852, c. 312, § 9, was passed. That statute reads as follows: "If no declaration shall have been inserted in the writ, or filed pursuant to the eighth section, it shall be a discontinuance of the action. And the defendant or trustee may have judgment for costs." The same language appears in Gen. Sts. c. 129, § 9, and in Pub. Sts. c. 167, § 9. In the R. L. c. 173, § 11, the provision first appearing in the St. of 1852 and re-enacted in the Gen. Sts. *supra* and in Pub. Sts. *supra,* that "If no declaration shall have been inserted in the writ, . . . it shall be a discontinuance of the action. And

the . . . trustee may have judgment for costs," was omitted. It is the contention that the effect of the statute remains the same; that it is an instance of abbreviation and condensation, and is not intended as a change. We cannot agree, and are of opinion that the omission was intended.

It follows that the exception must be overruled.

*So ordered.*