INTERNATIONAL CORRESPONDENCE SCHOOLS *vs.* JOSEPH H. HUNNEMAN & another.

Suffolk.   November 17, 1926, April 4, 1927.— May 31, 1927.

Present:. RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Equity Jurisdiction,* Accounting, Multiplicity of actions or suits.   *Equity Pleading and Practice,* Cross bill, Decree.

The question, whether a motion by a defendant in 1925 for leave to file a cross bill in a suit in equity should be granted, rested in the sound discretion of the court; and, where it appeared that the original bill was for an accounting, that it was filed in July, 1922, and was referred to a master, that the master filed his report in January, 1925, that thereafter the defendant assigned an alleged claim against the plaintiff to a third person, who by amendment then was added as a defendant to the bill, and that it was such assignee that sought to file the cross bill, a denial of the motion was not an abuse of discretion.

An amendment to the bill in the suit above described, allowed after the assignment by the defendant to the third party, sought an injunction requiring the third party to deliver up the assignment for cancellation and restraining him from prosecuting an action at law brought by him. The master had decided on the accounting that the defendant owed the plaintiff.   A judge who heard the suit after the amendment found that the defendant submitted no new evidence and did not ask for leave to do so or for a recommittal to the master for that purpose.   A final decree was entered in accordance with the prayers in the amended bill. *Held* that

(1) After the third person succeeded to the rights of the defendant, the court could retain jurisdiction of the cause in order to administer

full relief to the plaintiff as to events which occurred pending the suit as well as to transactions which existed when the bill was filed;

(2) Being within the scope of the pleadings and the report, the decree was justified because the plaintiff should not be subjected to frivolous and vexatious litigation which might be extended indefinitely.

BILL IN EQUITY, filed in the Superior Court on July 10, 1922, originally against Joseph H. Hunneman and James D. McQuaid, to have agreements in writing between the defendant Hunneman and the plaintiff reformed by the addition of the word "advance" in clause D so that the clause would read: "A salary advance of $5 per day, except Sundays, payable weekly, during the continuance of this agreement"; for an accounting between the defendant Hunneman and the plaintiff; and for an injunction restraining the defendant McQuaid as assignee of the defendant Hunneman from prosecuting an action at law against the plaintiff.

The suit was referred to a master.   On January 12, 1925, he filed a report containing findings of fact favorable to the plaintiff.   On October 29 and November 5, 1925, the court allowed motions by the plaintiff to amend the bill by adding William J. Lally, alleged assignee of the defendant Hunneman, as a defendant, and by adding prayers seeking to require Lally to deliver up the assignment for cancellation and to enjoin him from prosecuting an action at law brought by him as such assignee of the defendant against the plaintiff. A motion by the defendants Hunneman and Lally, filed on December 11, 1925, for leave to file a cross bill was denied on January 28, 1926, by *Sisk,* J.   The suit then was heard on the amended pleadings and the master's report by *Sisk,* J. Among other findings of fact were the following:

"At a hearing before me on the bill as amended and the defendant Lally's answer, no evidence was submitted. Lally's position as stated by his attorney was that there was a substantial sum due him as assignee of Hunneman from the plaintiff . . . .   The opportunity of submitting evidence of same at the hearing before the master was given to Hunneman, but no evidence was submitted.   At the hearing on the plaintiff's motion to confirm the master's report, counsel for the defendants did not ask or suggest that the report be

recommitted to the master for the purpose of submitting evidence as to commissions now said to be due from the plaintiff to the assignee of Hunneman. When Hunneman executed the assignment to Lally of all his right, title and interest in and to commissions which may be due him from the plaintiff, nothing passed to Lally, as there were no commissions due Hunneman from the plaintiff."

By order of the judge, a final decree was entered reforming the agreement as prayed for; requiring the defendant Hunneman to pay the plaintiff $1,760.50 and interest and to deliver to it certain books, papers and documents; enjoining him from further collecting money for the plaintiff or assigning any claim against the plaintiff; enjoining the defendant McQuaid from prosecuting his action at law as assignee against the plaintiff; and, in paragraphs of the decree numbered 10, 11, and 12, ordering the defendant Lally to deliver up his assignment for cancellation and that it be cancelled, and enjoining him from assigning or encumbering a claim against the plaintiff which he had as assignee of Hunneman and from prosecuting his action at law. The defendants Hunneman and Lally appealed.

*C. E. Lawrence,* for the plaintiff.

*W. P. Murray,* (*J. S. Ellis* with him,) for the defendants.

BRALEY, J. The plaintiff corporation, engaged in the business of conducting correspondence schools, employed the defendant Hunneman under contracts, copies of which are annexed to the bill, to solicit and obtain subscribers for scholarships. The contracts thus sold were paid in instalments which Hunneman had no right to retain, but was required to transmit each day to the plaintiff. It is alleged, and the master to whom the case was referred found, that by mutual mistake certain material errors as to the terms of employment were made in the drafting of the instruments dated respectively May 24, 1921, February 24, 1922, and April 20, 1922, and the plaintiff, not being satisfied with the returns made by Hunneman, brought the present suit for an accounting.

The defendant took ten exceptions to the master's report, and an order was made directing that an interlocutory decree

be entered overruling the exceptions and confirming the report. But, no reference having been made to the order, we treat it as in effect an interlocutory decree from which no appeal was taken.

"On January 24, 1925," after the trial before the master, "Hunneman made what purported to be an assignment to one William J. Lally of all his right, title and interest in and to commissions which may be due the" assignor from the plaintiff.

The master's report in favor of the plaintiff was filed January 12, 1925, and on October 29, 1925, the plaintiff was permitted to join Lally as a party defendant, who appeared and filed an answer, and Lally and Hunneman on December 11, 1925, moved for leave to file a cross bill. The motion was denied and they appealed. The question, whether leave should be given, rested in the sound discretion of the court, and, no abuse of its exercise appearing, the order is affirmed. *Fuller* v. *Fuller*, 234 Mass. 187.

The judge found on the master's report that there was nothing due to Hunneman from the plaintiff, and that, whether Hunneman at the date of the assignment had any valid claim against the plaintiff, depended on the result of the accounting as stated in the report. It also was found that Lally had brought an action at law against the plaintiff, in which Hunneman was summoned as trustee, to collect the alleged debt, which was pending in the Municipal Court of the City of Boston. The court had jurisdiction of the parties and of the controversy over the accounting between the plaintiff and Hunneman, and when Lally by force of the assignment, which does not appear to have rested on a valuable consideration, succeeded to certain alleged rights of Hunneman based on one of the contracts described in the original bill, such jurisdiction could be retained for the purpose of administering full relief to the plaintiff not only as to transactions which existed when the bill was filed, but as to events occurring pending the suit and connected with it, as shown by the amended bill. *Milkman* v. *Ordway*, 106 Mass. 232. *McMurtrie* v. *Guiler*, 183 Mass. 451, 455. *Cole* v. *Wells*, 224 Mass. 504. *Brickley* v. *Meer*, 251 Mass. 23.

The defendants however contend that the tenth, eleventh and twelfth paragraphs of the decree, which granted such relief, are too broad. But, being within the scope of the pleadings and the report, they are justified because the plaintiff should not be subjected to frivolous and vexatious litigation, which may be extended indefinitely. *Cunningham* v. *Butler*, 142 Mass. 47, 52. *Raynes* v. *Sharp*, 238 Mass. 20. *Hawkins* v. *Ireland*, 64 Minn. 339. The final decree is affirmed with costs.

The plaintiff's appeal from the denial of its motion in the trial court to dismiss the defendants' appeal because it was not seasonably prosecuted, has become of no consequence by reason of our decision on the merits. It is dismissed.

*Ordered accordingly.*