THE ATLANTIC NATIONAL BANK OF BOSTON & others *vs.* HUPP MOTOR CAR CORPORATION & others.

Suffolk.    February 11, 1938. — April 8, 1938.

Present: RUGG, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Equity Pleading and Practice*, Removal to Federal court, Amendment.

After the time had passed within which a suit in equity by a national bank domiciled in this Commonwealth against a foreign corporation could be removed to the Federal district court by the defendant, its removability was not restored by the allowance of an amendment substituting as plaintiffs assignees of the former plaintiff who also were citizens of the Commonwealth and adding a cause for relief which was related to the original cause but arose after the bill was filed.

BILL IN EQUITY, filed in the Superior Court on April 11, 1935, with a writ of summons and attachment dated April 10, 1935, and returnable the first Monday of May.

Seven days after the allowance of an amendment to the bill on December 21, 1937, the defendant Hupp Motor Car Corporation filed a petition for removal of the suit to the District Court of the United States for the District of Massachusetts, which *Walsh*, J., accepted with a removal bond. The judge then ordered that the Superior Court proceed no further in the suit. The plaintiffs appealed.

*M. Jenckes*, (*R. Donaldson* & *M. Stewart* with him,) for the plaintiffs.

*J. T. Noonan*, for the defendant Hupp Motor Car Corporation.

LUMMUS, J. On April 11, 1935, the plaintiff entered in the Superior Court the bill together with a writ in which the bill was not "inserted" as a declaration was inserted

in the writ at common law (*Whiting* v. *Houghton,* 228 Mass. 429; G. L. [Ter. Ed.] c. 214, §§ 7, 8), although the writ commanded the sheriff to summon the defendants to appear and answer to the plaintiff "in a bill in equity." But no point was made of that matter. Instead, the defendant Hupp Motor Car Corporation, a Virginia corporation (hereinafter called the defendant), unsuccessfully attacked the service upon its agent in this Commonwealth. *Atlantic National Bank of Boston* v. *Hupp Motor Car Corporation,* 298 Mass. 200.

The gist of the bill is as follows. In 1930 a wholly owned subsidiary of the defendant called The Commonwealth Alcorn Company, a Massachusetts corporation, bought land in Boston and erected thereon a building for the sale of automobiles manufactured by the defendant, giving an unrecorded lease thereof to the defendant, dated August 1, 1930, for the term of twenty years, at a monthly rental of $2,666.67, the lessee paying the taxes and all other expenses of the upkeep of the property. With the consent of the lessor, the defendant sublet the entire premises to another partly owned subsidiary of the defendant, Boston Hupmobile Company, Inc., a Massachusetts corporation, for the entire term of twenty years.

The Atlantic Securities Company of Boston, a Massachusetts corporation, lent the sum of $250,000 to The Commonwealth Alcorn Company for the purpose of financing the erection of its building, taking therefor a note secured by mortgage on the building and land, dated January 30, 1930. The mortgage was expressly made subject to the proposed lease and sublease, already described. On September 9, 1930, this note and mortgage were assigned to the plaintiff, a national banking association which, for the purposes of the removal of causes to the Federal courts, is deemed a citizen of Massachusetts. U. S. C. Title 28, § 41 (16). *Continental National Bank of Memphis* v. *Buford,* 191 U. S. 119. *American Bank & Trust Co.* v. *Federal Reserve Bank of Atlanta,* 256 U. S. 350, 357.

The note became due on January 30, 1935. At that time $210,000 was due as principal, with interest from

October 30, 1934.  The mortgaged premises were then not worth the principal sum.  In order to defeat recovery by the plaintiff, the defendant caused Boston Hupmobile Company, Inc., to surrender its sublease, and itself surrendered its lease, or pretended to do so, for the purpose of ending its liability for rent.  The Commonwealth Alcorn Company, the lessor, acted under the domination of the defendant in accepting the surrender of the lease, and received no consideration.  This was done in anticipation of a default in payment of the mortgage note on January 30, 1935, and with the design to make such default.  Another subsidiary of the defendant, called Courtney and Eldredge, Inc., a Massachusetts Corporation, was formed, and it became tenant at will of The Commonwealth Alcorn Company at a monthly rental of $500.  None of the details of the scheme were known to the plaintiff until after February 26, 1935, when the plaintiff entered upon the premises for the purpose of foreclosure and demanded from the defendant rent under the lease.

The bill asked that the pretended surrender of the lease by the defendant be declared null and void, that the claim of the plaintiff for rent against the defendant be established and enforced, that the shares of stock owned by the defendant in its various subsidiaries be applied to the satisfaction of the debt of the defendant to the plaintiff, and for various forms of incidental relief.  We assume, without deciding, that the presence of the three Massachusetts corporations, subsidiaries of the defendant, as parties defendant to the bill, may be disregarded as unessential, and that the suit could have been removed to the Federal District Court for the District of Massachusetts on the ground of diverse citizenship by proper proceedings taken not later than the time when answer was required on or about May 1, 1935.   Rule 25 of the Superior Court (1932). *Puerto Rico* v. *Russell & Co.* 288 U. S. 476.  *Martin's Admr.* v. *Baltimore & Ohio Railroad,* 151 U. S. 673.  *Dunbar* v. *Rosenbloom,* 230 Mass. 176.   U. S. C. Title 28, §§ 41 (1), 71, 72.

On December 21, 1937, a judge of the Superior Court

allowed amendments which created the questions raised upon the present appeal. These amendments made parties plaintiff the trustees, citizens of Massachusetts, appointed by this court in another proceeding for the holders of mortgage participation certificates entitled to the beneficial interest in the note and mortgage given by The Commonwealth Alcorn Company to The Atlantic Securities Company of Boston, to which trustees the original plaintiff by its receiver had assigned on January 14, 1937, all rights under said note and mortgage and all rights in or under this suit. These amendments also added to the bill allegations that on January 6, 1937, the original plaintiff gave notice in writing to the defendant that for breach of covenant in the lease to the defendant it would enter and repossess the property leased, that on February 10, 1937, the trustees did so enter and repossess the property leased, that a new lease of the property for five years from August 1, 1937, at a rent of $13,000 a year was made, and that such rent was all that could be obtained. A prayer was added asking for damages assessed as of the termination of the lease representing the "difference between rental value of the premises for the remainder of the term of said lease and the rent and other payments named in said lease to be made in the total amount of $19,000 per annum from 1937 to 1950 or $247,000." There was a provision in the lease to the defendant that in case of termination of the lease the defendant covenanted that it would "pay to the lessor as damages such a sum as at the time of such termination represents the difference between the rental value of the premises for the remainder of the said term and the rent and other payments herein named."

Within the ten days allowed for answer to the amendment of December 21, 1937, by Rule 25 of the Superior Court (1932), the defendant filed a petition for the removal of the case to the District Court of the United States for the District of Massachusetts, and complied with the conditions of such removal. The judge in the Superior Court accepted the petition and bond for removal, and ordered that the court proceed no farther in this suit. The appeal

of the plaintiffs brings the case here.   G. L. (Ter. Ed.) c. 214, § 19.   *Duff* v. *Hildreth*, 183 Mass. 440.   See also *Lawrence Trust Co.* v. *Chase Securities Corp.* 292 Mass. 481, 482; *Graustein* v. *Dolan*, 282 Mass. 579, 583.

By the Constitution of the United States, art. 3, § 2, the judicial power of the United States extends to "controversies . . . between citizens of different states."   But the right to remove a case from a State court to a Federal court is not necessarily as broad as the judicial power of the United States.   The right of removal is no broader than the Federal statute.   *Gaines* v. *Fuentes*, 92 U. S. 10, 17, 18.   *Pringle* v. *Storrow*, 256 Mass. 561, 563.   *Columbian National Life Ins. Co.* v. *Cross*, 298 Mass. 47, 51.   By U. S. C. Title 28, § 41 (1), a suit of a civil nature, at common law or in equity, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and is between citizens of different States, is within the original jurisdiction of a district court of the United States.   By § 71, any "suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State."   By § 72, the petition for removal must be filed in the State court "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending."   Obviously, unless the amendments of December 21, 1937, created a new right of removal, the removal was claimed too late.   The decisive question is, whether those amendments did create a new right of removal.

It is true, that a suit not removable, considered as a whole, because not wholly between citizens of different States, may have within it a separable controversy that is wholly between citizens of different States.   In such a case

the defendant or defendants in that separable controversy may exercise the right of removal, and the removal will operate to remove the entire suit. *Gainesville* v. *Brown-Crummer Investment Co.* 277 U. S. 54. This is expressly provided for by U. S. C. Title 28, § 71.

It is true, also, that where a suit is not originally removable on the ground of diverse citizenship, but by reason of discontinuance or amendment it becomes a suit wholly between citizens of different States, or the value in controversy becomes sufficient for removal, or in some other manner it is changed into a suit of a removable class, it becomes removable notwithstanding the fact that the time for answer has passed. *Powers* v. *Chesapeake & Ohio Railway*, 169 U. S. 92. *Great Northern Railway* v. *Alexander*, 246 U. S. 276, 280, 281. *Remington* v. *Central Pacific Railroad*, 198 U. S. 95. *Danvers Savings Bank* v. *Thompson*, 133 Mass. 182. *Egan* v. *Preferred Accident Ins. Co.* 223 Wis. 129, 107 Am. L. R. 1107.

But such exceptional cases do not touch the present question. The defendant relies on certain Federal decisions as establishing the principle that a new right of removal arises whenever a new cause of action is introduced by amendment. Not one of them was in the Supreme Court. The first appears to be *Evans* v. *Dillingham*, 43 Fed. 177. In that case a circuit judge held that the time for answering the original petition had not passed, but went on to say that "where an amended petition makes a substantially different suit from the original petition, the limitation as to the time within which the petition for removal can be presented should relate to the new pleading of the plaintiff" (page 180). But the illustration he gave was one in which removability was first created by the amendment. His statement was hardly more than dictum. *Mattoon* v. *Reynolds*, 62 Fed. 417, was a decision of a district judge sitting in a circuit court, in reliance upon *Evans* v. *Dillingham*. In *Mecke* v. *Valley Town Mineral Co.* 89 Fed. 209, 93 Fed. 697, the original bill asked no relief against the defendant which claimed successfully a right

of removal after an amendment charging it with liability in a separable controversy. In *Bon* v. *Midwest Refining Co.* 30 Fed. (2d) 410, affirmed *sub nomine Henderson* v. *Midwest Refining Co.* 43 Fed. (2d) 23, the bill originally asked an accounting for profits from oil taken from land in which the plaintiffs had the better right, but was amended into a claim for damages for a conspiracy by which the plaintiffs were deprived of the land. It was held that the amendment was a complete change and departure from the cause of suit originally alleged, and that this gave rise to a new right of removal. So far as these decisions support the principle for which the defendant contends, they apply it only where the amendment introduces a wholly new and unrelated cause of action.

In the present case the introduction of new parties plaintiff did not affect the diverse citizenship, which continued as before. The new parties were merely assignees of the rights of the original plaintiff. *Arwshan* v. *Meshaka*, 288 Mass. 31. *Barry* v. *Duffin*, 290 Mass. 398, 402. It may be conceded that the amendment did introduce a distinct and newly arising cause of suit, one for damages becoming due according to the terms of the lease upon its termination during the pendency of the suit, whereas the suit had originally been founded on a claim for rent under the lease. Compare *Mackintosh* v. *Chambers*, 285 Mass. 594; *Gallagher* v. *Wheeler*, 292 Mass. 547. We need not discuss the broad power of amendment at law in this Commonwealth. G. L. (Ter. Ed.) c. 231, §§ 51, 138. The present suit is in equity. The rule of general equity practice, followed in the Federal courts as well as in the courts of this Commonwealth, is that equity does justice completely and not by halves, and will draw into a suit, by supplemental bill or the simple amendment which is its modern substitute in this Commonwealth (Equity Rule 21, 252 Mass. 606; Rule 16 of the Superior Court [1932]), causes of action in equity or even at law, though arising or accruing pending the suit, which grow out of or are germane to the cause of suit stated in the bill, and thus will bring complete relief up to the date of the

final decree. Details of this rule are shown in cases collected in a footnote.*

The amendment in the present case rested on the rule in equity just stated. After the amendment, the suit remained the same suit that was begun in April, 1935. It is not a controversy nor an issue that is removable, but a suit. Whatever may be the rule of the Federal courts as to recognizing a new right of removal after a complete substitution of a new and unrelated cause of action for that originally relied on, we think that the introduction by amendment of a related though newly arising cause of action, under the rule in equity just stated, is a normal incident of a suit in equity and cannot give rise to a new right of removal where the suit was as much removable at the outset as it was after the amendment.

> *Order accepting petition and bond for removal reversed.*

---

* *Collins* v. *Snow*, 218 Mass. 542, 545. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 9. *Bartlett* v. *New York, New Haven & Hartford Railroad*, 226 Mass. 467, 471. *Leavitt* v. *Dimond*, 227 Mass. 216, 219. *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 258 Mass. 562, 568. *International Correspondence Schools* v. *Hunneman*, 260 Mass. 198, 201. *Richards* v. *Richards*, 270 Mass. 113, 123. *Bethlehem Fabricators, Inc.* v. *H. D. Watts Co.* 286 Mass. 556, 569. *Rooney* v. *Weeks*, 290 Mass. 18, 29. *Greene* v. *Louisville & Interurban Railroad*, 244 U. S. 499, 520. *Rio Grande Dam & Irrigation Co.* v. *United States*, 215 U. S. 266, 275, 276. *Kinney-Coastal Oil Co.* v. *Kieffer*, 277 U. S. 488, 507. *United States* v. *Gaffney*, 10 Fed. (2d) 694, 696. *Insurance Finance Corp.* v. *Phoenix Securities Corp.* 32 Fed. (2d) 711. *Milo Manor, Inc.* v. *Woodard*, 92 Fed. (2d) 220, 67 App. D. C. 296. See also cases of cross bills, and of counterclaims under modern practice, which apply a similar principle. Equity Rule 6 (252 Mass. 602). Rule 32 of the Superior Court (1932).