LESTER K. SWEENY *vs.* HOME OWNERS' LOAN CORPORATION.

Worcester.     September 24, 1940. — October 31, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Equity Pleading and Practice*, Amendment into action at law, Assignment for hearing, Appeal.

No error was shown in the denial of a motion to amend into an action at law a suit in equity for relief against a foreclosure deed.

A court has inherent power of its own motion to set a case down for hearing.

A decree dismissing a bill in equity must be affirmed on an appeal with findings by the trial judge supporting the dismissal and without a report of the evidence.

Appeals from a judge's findings in equity and from the denial of a motion to incorporate the evidence in the record on appeal had no standing and were dismissed.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated September 25, 1939.

The orders and decrees appealed from were by *T. J. Hammond*, J.

The case was submitted on briefs.

*L. K. Sweeny, pro se.*

*J. J. Brennan & W. V. Hyland,* for the defendant.

LUMMUS, J. This is a suit in equity commenced by an original writ of summons and attachment under G. L. (Ter. Ed.) c. 214, §§ 7, 8. The bill was not "inserted" in the

writ as a declaration was inserted in the writ at common law, but was a separate document filed apparently at the time of the entry of the writ which merely summoned the defendant to appear and answer "in an action of suit in equity." But no point was made of this matter, and we need not consider it. See *Whiting* v. *Houghton*, 228 Mass. 429; *Atlantic National Bank of Boston* v. *Hupp Motor Car Corp.* 300 Mass. 196.

On April 10, 1940, the judge denied the plaintiff's motion to amend his suit into an action at law, and from an interlocutory decree to that effect the plaintiff appealed. See G. L. (Ter. Ed.) c. 231, § 55. The bill as originally drawn is not in the record, though a substituted bill allowed as an amendment on April 24, 1940, is before us. The substituted bill seeks relief against a foreclosure deed held by the defendant, on the ground that the plaintiff has by adverse possession a title superior to the foreclosed mortgage. Although the appeal brings before us questions of discretion (*Long* v. *George*, 296 Mass. 574, 579), there is nothing in the record to show that the judge was wrong in denying the motion to amend.

The plaintiff claims an appeal from an interlocutory decree setting the case down for hearing on the merits by order of the judge and without request or action by any party. We assume in favor of the plaintiff that there was such an interlocutory decree although the printed record fails to show it. The action of the judge was an exercise of an inherent power of courts. In this court, for example, parties have no part in placing cases on the list for hearing by the full court. Rules of court enabling parties to place cases upon a trial list do not by implication deprive a court of its inherent power.

After hearing on the merits, the judge found that the plaintiff had no interest in the premises in question, but that his mother acquired title to them by deed on May 11, 1934, and gave to the defendant a mortgage covering them which was lawfully foreclosed. On April 25, 1940, the judge entered a final decree, dismissing the bill, from which the plaintiff appealed. The findings are all favorable to the

dismissal of the bill, and no evidence is reported. If there was any error, we have no means of discovering it.

Finally, the plaintiff claims an appeal "from the findings of facts" and another from the denial on June 17, 1940, of a motion to incorporate in the record on appeal a transcript of the evidence. These claims of appeal have no standing, for they are taken from judicial acts that are neither interlocutory nor final decrees. *Carilli* v. *Hersey,* 303 Mass. 82, 87. *Bolster* v. *Attorney General,* 306 Mass. 387, 388–389.

> *Appeals from findings of fact and from denial*
> *of motion to incorporate in record on appeal*
> *a transcript of evidence, dismissed.*
> *Interlocutory decrees affirmed.*
> *Final decree affirmed with costs.*