NATIONAL HOUSE FURNISHING CO. *vs.* JOHN A. ANDERSON, JUNIOR.

Essex. October 6, 1943. — June 1, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Replevin. Pleading, Civil,* Declaration, Demurrer.

There is no declaration in an action of replevin except that contained in the writ itself.

A general demurrer to an entire document in an action of replevin called a "declaration" was properly overruled where the so called "declaration" stated that the goods sought to be replevied had been sold to the defendant under four conditional bills of sale and the demurrer assigned as its ground illegality in three only of them: a general demurrer to a declaration must be overruled unless it wholly destroys the right of recovery alleged.

REPLEVIN. Writ in the District Court of Eastern Essex dated July 15, 1942.

A demurrer to the "declaration" was heard by *Simonds*, J.

In this court the case was argued at the bar in October, 1943, before *Field,* C.J., *Lummus, Dolan,* & *Cox,* JJ., and after the retirement of *Donahue* & *Cox,* JJ., was submitted on briefs to *Qua, Wilkins,* & *Spalding,* JJ.

*L. Albert,* for the defendant, submitted a brief.

*M. I. Bernstein,* for the plaintiff.

LUMMUS, J. This is an action of replevin for household furniture sold by the plaintiff to the defendant by conditional sale, title not to pass until paid for. A demurrer to the "declaration" was overruled, and the defendant claimed a report to the Appellate Division. After a hearing on the merits, there was a finding for the plaintiff, and the defendant claimed a second report. The Appellate Division dismissed both reports. The defendant appealed to this court only from the order relative to the demurrer. Consequently the only question is whether the alleged defects in the "declaration" deprive the plaintiff of the foundation for a judgment in its favor.

We are mystified by the "declaration" printed in the record on appeal. Before the practice acts, the declaration in all common law actions was written in the writ and physically formed part of it. The defendant was to appear on the return day to answer to the plaintiff in a certain kind of "plea" or action, and at that point in the writ the declaration began with the words "for that." *Ilsley* v. *Stubbs,* 5 Mass. 280, 285. *Brigham* v. *Este,* 2 Pick. 420. *Keenan* v. *Knight,* 9 Allen, 257. *Reardon* v. *Cummings,* 197 Mass. 128. *Whiting* v. *Houghton,* 228 Mass. 429, 430. *Sweeny* v. *Home Owners' Loan Corp.* 307 Mass. 165. Illustrations may be found in *Story* v. *Odin,* 12 Mass. 157; *Rider* v. *Robbins,* 13 Mass. 284; *Williams* v. *Hingham & Quincy Bridge & Turnpike Corp.* 4 Pick. 341; and *Hemmenway* v. *Hickes,* 4 Pick. 497.

This was true in replevin, and remains true to this day in that form of action. The form of the writ of replevin now in use is substantially the same as that established by St. 1789, c. 26, § 4. For many years that form was required by statutory provision. Rev. Sts. (1836) c. 113, § 28. Gen. Sts. (1860) c. 143, § 11. Pub. Sts. (1882) c. 184, § 11.

*Poyen* v. *McNeill*, 10 Met. 291, 293.   *Pomeroy* v. *Trimper*, 8 Allen, 398, 401.   When that provision was omitted from R. L. (1902) as superfluous, the practice continued unchanged.   There is no declaration in replevin except that contained in the writ itself. . See *Strickland* v. *Fitzgerald*, 7 Cush. 530, 532; *Judson* v. *Adams*, 8 Cush. 556; *Litchman* v. *Potter*, 116 Mass. 371.

If the "declaration" printed in the record was a part of the writ, which seems unlikely, it was in an unnecessarily elaborate form.   If it was a separate document, additional to a writ in proper form, it was surplusage.   But even if it be treated as the effective statement of the plaintiff's case, the demurrer was rightly overruled.   The "declaration" stated that the furniture replevied was sold by the plaintiff to the defendant under four conditional bills of sale.   The demurrer was general to the entire "declaration," and assigned as the ground of demurrer the illegality of three only of the four conditional bills of sale.   A general demurrer to a declaration must be overruled unless it wholly destroys the right of recovery alleged.   *Brown* v. *Castles*, 11 Cush. 348.   *Sears* v. *Trowbridge*, 15 Gray, 184.   *Vitagraph, Inc.* v. *Park Theatre Co. of Boston*, 249 Mass. 25, 31.   *Fahy* v. *Melrose Free Press Inc.* 298 Mass. 267, 269.   Here a part of the plaintiff's claim was not met by the demurrer.

*Order dismissing report affirmed.*